GUY BUONINCONTRO *et al.*, Plaintiffs-Appellees, *v.* WILLIAM KLOPPENBORG *et al.*, Defendants.—(THE DEPARTMENT OF REGISTRATION AND EDUCATION, Trustee, Defendant-Appellant.)

Second District No. 77-383

Opinion filed July 14, 1978.

William J. Scott, Attorney General, of Chicago (Gregory C. Lawton, Assistant Attorney General, of counsel), for appellant.

No brief filed for appellees.

Mr. PRESIDING JUSTICE SIEDENFELD delivered the opinion of the court:

The Illinois Department of Registration and Education, trustee of the Real Estate Recovery Fund (hereinafter the Department) appeals from an order allowing plaintiffs' claim for payment of $4,101 from the Real Estate Recovery Fund (Ill. Rev. Stat. 1975, ch. 114½, pars. 108.1-108.10). In issue is whether the plaintiffs complied with the requirements for recovery under the act. The plaintiffs have not appeared nor filed a brief in this court. We review the merits of the case, however, pursuant to *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

The plaintiffs initially filed a suit against William and Carol Kloppenborg, real estate agents d/b/a Colonial Real Estate of Hanover

Park and Bolingbrook, alleging fraudulent misrepresentations which caused plaintiffs to make an offer to purchase real estate and resulted in their electing to rescind the contracts. They further allege that the agents refused to return their $3,500 earnest money deposit. The Kloppenborgs failed to answer or defend and a default judgment was entered against them in the amount of the earnest money deposit together with attorney's fees and costs. Thereafter the plaintiffs on a motion of their counsel moved to vacate that portion of the judgment which was against Carol Kloppenborg and the court so ordered. Plaintiffs then filed this complaint for recovery under the Real Estate Recovery Fund.

They allege that they had sought to recover from the agents; that they had been notified that William Kloppenborg had filed a petition in bankruptcy; that they had taken all necessary action in connection with those proceedings but were advised by the attorney for the trustee in bankruptcy that William Kloppenborg had listed debts of $718,648.17 as against assets of $446,285.12 and that a restraining order had been issued against all creditors. A letter was attached which affirmed the above facts as to William Kloppenborg and added the additional statement that Mrs. Kloppenborg had listed the same debts but with assets of only $105,250; and that all assets of the Kloppenborgs had been sold or abandoned. The letter concluded with a statement:

"In answer to your question as to the likelihood of recovery from either estate as a general unsecured creditor, we think that the conclusion which you may draw from the above information is not very encouraging."

The Department filed a response alleging that plaintiffs had failed to diligently pursue their remedies against all judgment creditors pursuant to section 8.3(b)(6) of the statute (Ill. Rev. Stat. 1975, ch. 114½, par. 108.3(b)(6)), by voluntarily dismissing Carol Kloppenborg from the suit "based solely on the consideration that Carol Kloppenborg should not lose her license to practice in the selling of real estate"; and by failing to challenge the bankruptcy petition of William Kloppenborg on the basis of fraud. Plaintiffs moved to strike and dismiss the response of the Department alleging that they had notified the Department at the time of the commencement of the action against the Kloppenborgs and that the Department had not timely filed a petition for leave to intervene and therefore was not a named party to the proceedings. Following a summary hearing pursuant to section 8.3(b) of the act, and with apparently no ruling on the motion to dismiss, the trial court entered the order awarding payment out of the recovery fund and the Department appealed.

Section 8.3(b)(4) of the Real Estate Recovery Act requires that before there may be recovery from the fund an aggrieved person must make "all

reasonable searches and inquiries to ascertain whether the judgment debtor is possessed of real or personal property or other assets * * *"; and under section 8.3(b)(6) an aggrieved person is required to show "[t]hat he has diligently pursued his remedies against all the judgment debtors and all other persons liable to him in the transaction * * *." Ill. Rev. Stat. 1975, ch. 114½, par. 108.3(b)(6).

■■ We agree with the argument of the Department that the sections of the License Act governing the Real Estate Recovery Fund are a substantial departure from the common law and are not regulatory in nature. Recovery is permitted from a fund to which all brokers and salesmen make contributions based upon the fact that they are brokers and salesmen and not based on any concept of their fault in a particular claim. There was no such action in common law. Statutes in derogation of the common law are not regulatory in nature (compare *Ranquist v. Stackler*, 55 Ill. App. 3d 545, 551 (1977); *May v. Pollution Control Board*, 35 Ill. App. 3d 930, 933 (1976)), and are to be strictly construed with nothing to be read into them by intendment or implication. *Summers v. Summers*, 40 Ill. 2d 338, 342 (1968).

■■ On this record we must conclude that plaintiffs did not diligently pursue their remedies. In vacating the judgment as to Carol Kloppenborg, they destroyed any right of subrogation which the Department might pursue and which is expressly conferred upon them by section 8.7 of the statute. In addition, it appears from the face of the pleadings that they did not diligently pursue their claim against the trustee in bankruptcy, but relied upon an equivocal letter from the trustee's attorney which did not preclude the possibility of recovery of at least some portion of the plaintiffs' claim. It should be noted in this connection that damages are limited under the statute to actual pecuniary loss with a limitation on the amount which may be recovered. It is the obvious purpose and intent of the legislature to allow a defrauded person a limited recovery from the fund, not as an alternative to recovery from other sources but rather as a remedy of last resort to be pursued when all other sources of collection have been exhausted.

Our holding is not to be construed, however, as mandating that one who seeks payment from the Real Estate Recovery Fund must present formal proof that every possible avenue of recovery from other sources is absolutely precluded. The legislation has the salutary purpose of providing indemnity, limited in the amount stated, to persons who have been defrauded by a broker and who have made "all reasonable searches and inquiries" to ascertain assets of the judgment debtor; and the application is to be proceeded upon "in a summary manner." (Ill. Rev. Stat. 1975, ch. 114½, par. 108.3(b).) In this connection we do not agree with the contention of the Department that applicants must allege that

they have taken steps to challenge William Kloppenborg's bankruptcy adjudication for fraud in order to show diligence. There is authority that property obtained by fraud may be removed from the assets of the bankruptcy; but the proceeds must be identified and traced in kind. (See *Mahon v. Stowers,* 416 U.S. 107, 40 L. Ed. 2d 79, 94 S. Ct. 1626, 1629 (1974); *Manly v. Ohio Shoe Co.,* 25 F. 2d 384 (4th Cir. 1928); Annot., S of A.L.R. 418 (1929); *People's Marketing Corp. v. Hackman,* 347 F.2d 398, 400 (7th Cir. 1965). See also 9 Am. Jur. 2d *Bankruptcy* §903, §§1194-1197 (1963).) That relief under circumstances here would appear to be completely unrealistic. Nor do we hold that the release of subrogation rights against Mrs. Kloppenborg deprives plaintiffs of recovery from the fund if it is shown that nothing could be recovered by subrogation in any event. We conclude, rather, that the applicant must show more than an unequivocal response from an attorney in bankruptcy that recovery as an unsecured creditor "is not very encouraging" in order to be indemnified from the fund.

We therefore reverse the judgment and remand the case to the trial court for further hearing. If the plaintiffs are able to show that no money may be recovered from the judgment debtors on diligent pursuit of their alternate remedies they will be entitled to recover their full claim against the fund; or if a partial recovery is made from the bankruptcy estate this must, of course, be deducted from the claim.

Reversed and remanded with directions.

NASH and WOODWARD, JJ., concur.