Teresa L. TORRES, Appellant,

v.

**TEXAS REAL ESTATE COMMISSION,**
**Appellee.**

No. 8545.

Court of Civil Appeals of Texas,
Beaumont.

Sept. 4, 1980.

Donald W. Allee, Edinburg, for appellant.

Douglas Yancy, Asst. Criminal Dist. Atty., Edinburg, George Warner, Texas Real Estate Commission, Bill Campbell, Asst. Atty. Gen., Austin, for appellee.

KEITH, Justice.

Plaintiff below appeals from an adverse judgment entered after a bench trial wherein she sought recovery under the provisions of *Tex.Rev.Civ.Stat.Ann. art. 6573a, § 8* (1969), the Real Estate Recovery Fund (hereinafter "Act").

Plaintiff and her husband, Ray Torres, deposited $30,000 with G & H Builders, Inc., wherein the corporation agreed to construct a house of approximately 2,500 square feet upon a lot to be selected by the Torres. When the lot was selected, G & H was to pay not to exceed $11,000 from the deposit toward the purchase price of the lot. The balance of the cost of the home, estimated to be $41,000, was to be financed by a loan from an unknown agency.

The contract was in writing and did not purport to be a contract for the sale of real property; rather, it was an agreement (albeit it was rather loosely drawn) for the construction of a house upon a lot to be selected by the Torres at some future date.

J. C. Hinojosa, the sole stockholder of G & H deposited the $30,000 in the company's bank account; but, by the time Mrs. Torres had selected her lot and decided to build, all of the money had been spent, and G & H was, to use Hinojosa's word, "broke." Mr. Torres, as a part of a divorce settlement, assigned his claim against G & H to Mrs. Torres, and she sued for breach of the contract.

The direct suit by Mrs. Torres alleged breach of contract and conversion of the deposit money. No allegations of fraud were contained in her petition. The trial court entered judgment in her favor for $30,000, plus $3,000 in attorney's fees, with interest at 10 percent against J. C. Hinojosa—not G & H. The judgment recited on its face that the "Defendant breached the written contract and has taken no action in performance of the contract; Defendant holds the sum of $30,000 as constructive trustee for Plaintiff."

After the judgment became final, execution was issued but was returned nulla bona. It was then that the plaintiff in the original action filed her "Application for Payment Pursuant to Article 6573a V.T.C. S." After answer, in a non–jury proceeding, the trial court denied any recovery

under the Act, and plaintiff has appealed. We affirm for the reasons now to be stated.

Under *Sec. 8, Part 1(a) of the Act*, the use of the fund is limited to an act that is either:

"(1) a violation of Section 15(3) and (4) of this Act, or

"(2) conduct which constitutes fraud, misrepresentation, deceit, false pretenses, or trickery."

An aggrieved person seeking a recovery under the Act must comply with *Sec. 8, Part 3(b)*, one of the conditions being a showing that he has recovered a valid judgment in a court of competent jurisdiction against a broker or salesman "on the grounds described in Part 1(a) of this section . . . ."

Under *Sec. 8, Part 3(c)(1)*, the plaintiff in such action is required to prove that "the judgment is based on facts allowing recovery under Part 1(a) of this section . . . ." The trial judge is authorized to direct payment of a claim only

"if the court is satisfied, on the hearing, of the truth of all matters required to be shown by the aggrieved person by Part 3(c) of this section and that the aggrieved person has satisfied all of the requirements of Parts 3(b) and (c) of this section."

Although no findings of fact and conclusions of law were filed, the judgment denying recovery from the fund recited that the judgment in the original action "was based on breach of contract and not any of the matters which would entitle Plaintiff to recover pursuant to Article 6573a, V.T.C.S."

In the bench trial, it was within the province of the trial judge to determine the credibility of the witnesses and the weight to be given to their testimony. He was acting in a role analogous to that of the jury. 4 McDonald, *Texas Civil Practice* § 16.04, p. 4 (1971 Rev.Vol.). In considering the sufficiency of the evidence to support a judgment, we will follow the usual rule applicable to review of the evidence supporting jury findings. See, e. g., *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965).

The pleading in the original suit did not allege a cause of action under the Act; and, equally important in passing upon plaintiff's challenges to the sufficiency of the evidence, Mrs. Torres did not testify to facts authorizing the entry of judgment in her favor under the Act.

Although Hinojosa was a licensed broker under the Act, the allegations in Mrs. Torres' original petition under which she recovered judgment did not allege a cause of action under *Sec. 8, Part 1(a)* of the Act. Moreover, she failed to establish on the hearing for recovery under the fund that Hinojosa had been guilty of any fraudulent act denounced in the Act.

A fair review of the testimony of Mrs. Torres reveals that even upon the second trial, she believed that Hinojosa engaged in deception "by taking my money and keeping it in his pocket," and by failing to perform by constructing a house upon the lot.

Hinojosa, on the other hand, testified that he entered into the contract in good faith with the intention of performing; that plaintiff was slow in making the selection of the lot upon which the house was to be built; that he paid to survey the lot she finally selected; but, by that time, his business had suffered, and he had no financial resources with which to construct the house.

■ Before a promise to do something in the future can be actionable fraud, plaintiff must plead and prove that at the very time such promise was made, the promiser did not intend to carry it out. *Urso v. City of Dallas*, 221 S.W.2d 869, 872 (Tex.Civ.App.–Dallas 1949, writ ref'd). See also, *Brooks v. Parr*, 507 S.W.2d 818, 819–20 (Tex.Civ. App.–Amarillo 1974, no writ), and authorities therein cited.

■ Plaintiff did not discharge the onerous burden of establishing her right to recover under the Act. The trial court's judgment is, therefore, affirmed.

AFFIRMED.

CLAYTON, J., not participating.