STATE of Texas, Appellant,

v.

Nellie WELLS, Appellee.

No. 18148.

Court of Appeals of Texas,
Houston (1st Dist.).

March 3, 1982.

John W. Fainter, Jr., First Asst. Atty. Gen., Austin, for appellant.

Kenneth L. Tilley, Humble, W. Thomas McKissick, Alvin, for appellee.

Before EVANS, C. J., and DOYLE and STILLEY, JJ.

EVANS, Chief Justice.

The State appeals from an order directing the Texas Real Estate Commission to pay out of its Real Estate Recovery Fund a judgment previously entered in favor of the appellee against a real estate broker. The State's principal contention is that the appellee failed, in the case in main, to obtain a finding by the trial court, supported by legally and factually sufficient evidence, which established that the acts complained of were performed in the scope of a real estate broker's activity as defined in The Real Estate License Act, Tex.Rev.Civ.Stat. Ann. art. 6573a § 8 (Vernon Supp. 1980–1981).

The evidence in the case in main established that the appellee, a homeowner, asked Patsy Ann Ball, a licensed real estate broker, to list her home for sale; however, Ms. Ball refused, stating that she felt the house was not in a saleable condition. Instead, Ms. Ball offered to buy the house for the purpose of repairing and later reselling it. The appellee and Ms. Ball entered into a contract for the sale of the house, but the contract was rescinded by Ms. Ball, who told the appellee that the title was clouded and that the appellee's equity was of no value. Ms. Ball then introduced the appellee to another real estate agent, Leslie Wacasey, her former employer, who offered to take up the appellee's payments on a carport on the property in exchange for the appellee's quitclaim of her interest to Wacasey's son. The appellee executed the quitclaim, receiving no monetary consideration for her equity in the property. Subsequently, Wacasey's son sold the house to a third party, and the original broker, Patsy Ann Ball, received a commission on that sale. The appellee thereafter sued Ms. Ball for the amount of $6,000, representing her equity in the property, and alleged fraud and misrepresentation. After a trial before the court, the appellee was awarded $6,000 as actual damages, which amount was trebled pursuant to Tex.Bus. & Com.Code Ann. § 17.50(b)(1).

In its findings of fact and conclusions of law, the trial court found that Patsy Ann Ball "is a licensed real estate broker;" that in August, 1977, the appellee had sought the services of Ball for the purpose of having her act as the agent for the sale of the appellee's home; that at that time and at all material times, a fiduciary relationship existed between said parties; that Ball had falsely represented to the appellee that her equity in the property had no value; that Ball had taken advantage of the appellee's lack of knowledge, ability and experience, and that her conduct was "unconscionable" within the meaning of § 17.45, Tex.Bus. & Com.Code Ann.; that a conspiracy existed between Ball and her former employer Wacasey to deprive the appellee of her equity in the property, and that such conduct on the part of Ball constituted dishonest dealings, bad faith and untrustworthiness by and on behalf of a licensed real estate broker.

Section 8 of the Real Estate License Act provides for a Real Estate Recovery Fund to be established and maintained by the Texas Real Estate Commission, to be used for the purpose of reimbursing "aggrieved persons" who suffer monetary damages by reason of certain acts committed by a licensed real estate broker or salesman, or by an unlicensed employee or agent of a broker or salesman; provided that the broker or salesman was licensed at the time the act was committed, and that the act was performed in the scope of activity which constitutes the person a broker or salesman under the Act; and provided further that a court of competent jurisdiction has ordered a recovery against the broker or salesman. Section 8, Part 1(a) designates certain specific acts by the broker authorizing use of the fund, as well as "conduct which constitutes fraud, misrepresentation, deceit, false pretenses, or trickery."

The State does not contend that the broker's conduct in the case at bar is not such as would authorize use of the fund. However, it asserts that the appellee failed to

prove and obtain findings that the broker was licensed at the time of the purported fraud and that the broker's act was performed in the scope of activity constituting a person a broker or salesman within the meaning of the act.

■ The appellee's petition in the case in main clearly shows that her cause of action against Patsy Ann Ball was based upon the theory that Ms. Ball acted as a licensed real estate broker in her dealings with the appellee, and the trial court's judgment was obviously entered on that basis. The trial court's written findings of fact and conclusions of law show that its judgment was entered on factual findings of "dishonest dealings, bad faith, and untrustworthiness by and on behalf of a licensed real estate broker, Patsy Ann Ball." No appeal was taken from the judgment entered by the trial court in the case in main, and the findings supporting the judgment are not subject to collateral attack in this proceeding. *Texas Real Estate Commission v. Century 21 Security Realty, Inc.,* 598 S.W.2d 920 (Tex.Civ.App.—El Paso 1980, writ ref'd n. r. e.). The State's first three points of error are overruled.

■ In its fourth point of error, the State contends that the trial court lacked jurisdiction to make its findings of fact and conclusions of law, because such findings were not made within thirty days after the date of its judgment. The State contends that the defendant, Patsy Ann Ball, withdrew her motion for new trial, and that because no motion for new trial was pending at the time the findings were signed by the trial court, the court lacked jurisdiction to enter such findings. This contention is overruled. The record does not indicate when the motion to withdraw the motion for new trial was filed with the trial court, and the trial court's findings and conclusions were filed seven days before the date of the order overruling the motion for new trial. Furthermore, no appeal having been taken from the judgment in the case in main, the State's point of error constitutes a collateral attack on the judgment.

■ In its fifth point of error, the State contends that the trial court erred in awarding the appellee the sum of $1,750 as attorney's fees for filing the application for recovery from the Real Estate Recovery Fund and for other post-judgment work to satisfy the judgment. The State contends that such award was excessive, because the appellee was not charged a fee in the case in main. This point is overruled. The record reflects that the appellee's attorney expended some twenty-five hours in post-judgment work for which the appellee was charged, and there is no showing that the amount awarded for such work is unreasonable.

■ In a cross-point of error, the appellee contends that she should be awarded attorney's fees for the appeal of the order of the trial court allowing recovery from the Real Estate Recovery Fund, based upon the trial court's finding in the case in main that "a reasonable attorney's fee for work on this case in the Court of Civil Appeals is $2,500." This cross-point is overruled. The trial court's finding applies to an appeal from the judgment entered in the case in main, not to an appeal from the order directing recovery from the Real Estate Recovery Fund. There is no basis in the record for this court to award attorney's fees with respect to the appeal from the order directing recovery from the Real Estate Recovery Fund.

The trial court's judgment is affirmed.