W. Raymond PACE, J. Michael Reed and Bruce Carr, Jr., Petitioners,

v.

The STATE of Texas, Respondent.

No. C–1743.

Supreme Court of Texas.

May 11, 1983.

Provost, Umphrey & McPherson, Jon B. Burmeister, Port Arthur, for petitioner.

Jim Mattox, Atty. Gen., Roxanne Caperton and George Warner, Asst. Attys. Gen., Austin, for respondent.

WALLACE, Justice.

This is a suit for payment from the Real Estate Recovery Fund brought by W. Raymond Pace, J. Michael Reed and Bruce Carr, Jr. (Pace). The three individuals recovered judgments from Frank Manchac, a realtor, for misrepresentations made to each of them during their individual purchases of real property in October and November of 1975. Their actual damages of $6,000, $2,000 and $5,000 respectively were trebled pursuant to the Deceptive Trade Practices Act.[1] Upon motion to the trial court for an order of recovery from the Real Estate Recovery Fund, that court ordered payment of the trebled damages subject to a ceiling of $10,000 per person, the maximum payable from the fund as of the date of the acts of Manchac upon which the instant judgment is based. The court of appeals affirmed the holding of the trial court that $10,000 was the maximum amount recoverable, but reversed the holding of the trial court that treble damages were recoverable from the fund. 640 S.W.2d 432. We affirm the judgment of the court of appeals.

The Real Estate Recovery Fund was established as part of the Real Estate Licens-

---

1. Tex.Bus.Com.Code 17.50(c).

ing Act[2] (the Act) to become effective May 19, 1975. The maximum recovery by any one individual was $10,000. By amendment effective September 1, 1979, the maximum amount recoverable was raised to $20,000. The acts of Manchac giving rise to this suit were committed in 1975. The final judgment against Manchac was rendered subsequent to September 1, 1979.

The issues presented are: (1) whether trebled damages under the DTPA are payable from the fund; and (2) what is the maximum allowable recovery from the fund under the facts before us.

■ We first address the question of whether treble damages under the DTPA are payable from the fund. Section 8, Part 1(a) of the Act provides:

... The fund shall be used in the manner provided in this section *for reimbursing* aggrieved persons who suffer *monetary* damages by reason of certain acts ....

Black's Law Dictionary defines "reimburse" as "to pay back, to make restoration, to pay that expended." Black's Law Dictionary 1157 (5th Ed.1979). Thus, the Act provides that the fund is to be used to pay back the monetary damages suffered by the victims of an unscrupulous real estate agent or broker. As conceded by the attorney for Pace at oral argument, treble damages under the DTPA are punitive damages. Punitive damages are not to restore one to his position before the act giving rise to the damages, rather they are to punish the wrongdoer and are an example to others. Therefore the Legislature could not have intended that treble damages be paid from the fund or they would not have used the words "... reimbursing aggrieved persons who suffer monetary damages ...."

Art. 6573a, § 8, Part 3, states in pertinent part:

(a) No action for a judgment which subsequently results in an order for collection from the real estate recovery fund shall be started later than two years from the accrual of the cause of action. When

an aggrieved person commences action for a judgment ....

(b) When an aggrieved person recovers a valid judgment ... on the grounds described in Part 1(a) of this section that occurred on or after the effective date of this Act, the aggrieved person may, after final judgment has been entered ... file a verified claim in the court in which the judgment was entered and, on 20 days' written notice to the commission, may apply to the court for an order directing payment out of the real estate recovery fund of the amount unpaid on the judgment, subject to the limitations stated in Part 8 of this section.

Pace relies on the use of the word "judgment" in the above quoted section to support the contention that the entire amount of the judgment, including treble damages, should be paid, subject only to the maximum limits set out in the Act. This reliance is misplaced. It is Part 1(a) which specifies which damages are to be reimbursed. Part 3 simply sets out the procedures to be followed in securing the reimbursement for damages provided in Part 1 of the Act. It does not expand the scheme for qualifying claims under Part 1 to include punitive damages. We therefore hold that treble damages under the DTPA, as punitive damages, are not recoverable under Part 3 because they are excluded under Part 1.

We now turn to the question of whether the maximum recovery in this case is $10,000 or $20,000 per person. Section 8, Part 1(a) provides:

... for reimbursing aggrieved persons who suffer monetary damages by reason of certain acts committed by a ... real estate broker or salesman, ... provided the broker or salesman was licensed by the State of Texas *at the time the act was committed* .... (Emphasis added).

Part 3. (b) states:

(b) When an aggrieved person recovers a valid judgment ... on the grounds described in Part 1(a) of this section that

occurred on or after the effective date of this Act . . . .

We find this language dispositive. The Legislature intended that the amount of recovery from the fund should be determined by the grounds described in Part 1(a). As noted above, Part 1(a) specifies that liability will be governed by the date of the acts which gave rise to the judgment of the court.

Pace contends that no right to recover from the fund existed until a final judgment was rendered against a wrongdoer, therefore the date of the judgment rather than the date of the wrongful act should control in determining the maximum recovery applicable. This contention ignores the very basis of recovery from the fund. That basis is the wrongful act of the salesman or broker. The aggrieved person's cause of action is based upon that act. Part 3(b) does not alter the grounds of recovery; it merely sets out the procedures which must be followed in order to recover, based upon the original acts of the wrongdoer. We hold that the date of the act or acts giving rise to a cause of action by the aggrieved party is determinative of the amount of recovery in this case.

The judgment of the court of appeals is affirmed.

---

1. Tex.Bus. & Com.Code Ann. § 17.50(c).