**ARLINGTON EQUITIES, INC., Appellant,**

v.

**TEXAS REAL ESTATE COMMISSION, et al., Appellees.**

No. 05–88–00443–CV.

Court of Appeals of Texas, Dallas.

Dec. 20, 1988.

Rehearing Denied Jan. 19, 1989.

Michael E. Robinson, Dallas, for appellant.

George Warner, Austin, for appellees.

Before ENOCH, C.J., and HUGHES [1] and CARVER [2], JJ.

CARVER, Justice.

Arlington Equities, Inc., recovered a judgment against Andres Fernandez, a realtor, and sought payment from the Real Estate Recovery Fund administered by the Texas Real Estate Commission. The trial court denied relief, and Arlington appeals. We affirm.

Arlington contracted with Fernandez to purchase from him real property he had under contract to purchase from a third party. Fernandez failed to close his own contract to purchase the property and likewise failed to close his contract to re-sell to Arlington. No funds for any purpose were disbursed by Arlington, and this complaint is for lost profit and deceptive trade practice.

The sole question presented is whether Arlington's damages of lost profits and deception, but no out-of-pocket losses, may qualify for payment from a fund established by our Legislature "for reimbursing aggrieved persons who suffer actual damages." TEX.REV.CIV.STAT.ANN. art. 6573a, § 8, part 1(a) (Vernon Supp.1989).

Article 6573a as originally enacted provided "for reimbursing aggrieved persons who suffer *monetary* damages" and was amended to the present language coincident with the pendency of, but before the decision of, *Pace v. State*, 650 S.W.2d 64 (Tex.1983). *Pace* held that the original act would not include "punitive damages" as "punitive damages are not to restore one to his position before the act giving rise to the damages, rather they are to punish the wrongdoer and are an example to others." *Pace*, 650 S.W.2d at 65. In *Torres v. State*, 605 S.W.2d 394, 396 (Tex.Civ.App.—Beaumont 1980, no writ), the court held that under the statute as originally enacted, mere breach of contract, which did not change the position of the aggrieved party, did not qualify for payment from the fund.

Relying upon the legislative choice of "reimbursing" in the original act, the legislative retention of "reimbursing" in the amended act, the exclusion of mere breach of contract in *Torres*, and the exclusion of punitive damages in *Pace*, we find and hold that Arlington had expended nothing for which it was entitled to be reimbursed (as used in article 6573a) from the fund and that Arlington had not changed its monetary position to secure the contract which Fernandez breached; consequently, there was no position to which it was entitled to be restored (as described in *Pace* and *Torres*).

We affirm the trial court's denial of relief to Arlington and assess the costs of proceedings on this issue in the trial court and costs in this court to Arlington.