Henry HANEY, Appellant,

v.

TEXAS REAL ESTATE COMMISSION,
and Barry and Susannah
Vance, Appellees.

No. A14–88–01087–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

April 5, 1990.
Rehearing Denied May 17, 1990.

Mark W. Stevens, Galveston, for appellant.

Charles D. Marshall, Seabrook, George Warner, Austin, for appellees.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## OPINION

MURPHY, Justice.

Henry Haney appeals from an order of the trial court directing appellee, Texas Real Estate Commission ("the Commission") to pay appellees, Barry and Susannah Vance, the sum of $16,330.54 from the Real Estate Recovery Fund ("the Fund"). Appellant brings two points of error: (1) the trial court erred as a matter of law in ordering payment from the Fund because the Vances had not pursued alternative sources of recovery, and (2) the trial court erred in ordering payment from the Fund because the Vances had already received, in settlement with a co-debtor, amounts exceeding that recoverable from the Fund. We find no error in the trial court's order and we affirm.

The order of which appellant complains arose from a judgment obtained in an underlying suit by the Vances against appellant and Big State Exterminating Company, Inc. ("Big State"). In the underlying cause, the trial court entered judgment against appellant and Big State, finding them jointly and severally liable for $18,500.00 in actual damages, $16,800.00 in attorneys fees, and $2,190.06 in court costs. The judgment also awarded exemplary damages of $25,000.00 against appellant and $15,000.00 against Big State. Pending appeal, Big State filed a supersedeas bond in the amount of $55,000.00.

Appellant did not appeal the judgment. Big State did appeal, but entered into a settlement agreement with the Vances and, upon joint motion, the court of appeals dismissed the appeal. Although all of the parties claim in their briefs that the court of appeals affirmed the judgment and deleted $5,000.00 in actual damages, we find no evidence of this in the record before us.

Under the settlement agreement, Big State agreed to pay the Vances $17,500.00 toward the actual damages and attorneys fees assessed in the judgment against appellant and Big State jointly and severally, and $15,000.00 toward the exemplary damages assessed against Big State individually. Thus, Big State paid the Vances a total of $32,500.00. The Vances then applied to the trial court for an order directing payment from the Real Estate Recovery Fund. The Vances alleged they had obtained and recorded an abstract of judgment in Galveston County, had caused a writ of execution to be issued which was returned nulla bona, and that appellant had insufficient attachable assets to satisfy the judgment. After deducting the amounts received in settlement from Big State, the Vances claimed that $22,692.20 plus interest remained unpaid and requested the court to order payment from the Fund of $20,000.00, the maximum amount available under the Texas Real Estate License Act. After holding an oral hearing on the Vances' application, the trial court ordered payment from the Fund in the amount of $16,330.54. The Commission states in its brief that it paid the Vances $16,386.98 pursuant to the trial court's order.

■ Appellant first claims the trial court erred as a matter of law in ordering payment from the Fund because the Vances had not pursued alternative sources of recovery against Big State. Section 8 of the Real Estate License Act established the Real Estate Recovery Fund to reimburse parties who have suffered actual damages from the acts of licensed real estate brokers or salesmen. TEX.REV.CIV.STAT.ANN. art. 6573a, § 8 (Vernon Supp.1990). Section 8(f) sets forth the requirements for an application to the trial court for reimbursement from the Fund and the applicant's proof burden at the oral hearing on the application. To establish the amount of the judgment that is unsatisfied, an aggrieved party must show the trial court:

(5) the amount that may be realized from the sale of real or personal property or other assets liable to be sold or applied in satisfaction of the judgment and the balance remaining due on the judgment after application of the amount that may be realized.

Tex.Rev.Civ.Stat.Ann. art. 6573a, § 8(f)(5) (Vernon Supp.1990) (previously codified as § 8, part 3(c)(5)). Appellant urges this court to construe § 8(f)(5) to preclude reimbursement from the Fund unless an applicant has exhausted all other sources of payment. Claiming that the $55,000.00 supersedeas bond filed by Big State pending appeal of the judgment was evidence that Big State had sufficient assets to satisfy the judgment, appellant contends the trial court erred under § 8(f)(5) in ordering payment from the Fund. In support of his contention, appellant cites *Buonincontro v. Kloppenborg*, 61 Ill.App.3d 1041, 19 Ill. Dec. 134, 136, 378 N.E.2d 635, 637 (1978) in which the Illinois court construed a similar statute to require exhaustion of all sources of payment prior to seeking reimbursement from the Illinois fund. Relying on *Buonincontro*, appellant claims that the failure to seek recovery of the entire judgment from Big State precludes reimbursement from the Fund. We disagree.

The statutory requirements discussed in *Buonincontro* differ from the requirements of the Texas Real Estate License Act. The Illinois statute expressly requires that an applicant pursue remedies "against all judgment debtors and all other persons liable to him in the transaction...." *Id.* 19 Ill.Dec. at 136, 378 N.E.2d at 637. Section 8 contains no such requirement and we find no other language that could be construed to require a plaintiff to attempt recovery of the entire judgment from a co-debtor prior to seeking reimbursement from the Fund.

Furthermore, appellant's construction contravenes one of the two basic purposes of § 8. Although § 8 was established primarily to reimburse individuals for damages caused by licensed real estate agents, it also permits the Commission to take disciplinary action against the licensee. Section 8(i) authorizes the Commission to revoke the license of the broker or salesman once payment is made from the Fund toward satisfaction of a judgment and to deny the salesman or broker eligibility "to receive a new license until he has repaid in full, plus interest at the current legal rate, the amount paid from the [Fund] on his account." Tex.Rev.Civ.Stat.Ann. art. 6573a, § 8(i) (Vernon Supp.1990). Appellant's construction of § 8 would preclude reimbursement from the Fund where one of the jointly liable defendants is financially able to satisfy the entire judgment, and would enable co-debtor licensees to evade both payment of the judgment and disciplinary action. In addition to contravening the disciplinary purpose of the statute, appellant's construction of § 8(f)(5) would significantly limit settlements in cases such as the one at bar involving more than one judgment debtor. The law favors settlement, *see Hernandez v. Telles*, 663 S.W.2d 91, 93 (Tex.App.—El Paso 1983, no writ), and we are not persuaded to construe § 8(f)(5) to deny parties the option to settle. Because we find no authority supporting the construction of § 8(f)(5) advanced by appellant, we overrule point of error one.

■ In point of error two, appellant contends the trial court erred in awarding recovery from the Fund because the Vances had already received from Big State amounts exceeding that recoverable from the Fund. Specifically, appellant claims that attorneys fees from the case in chief are not recoverable from the Fund, and that payment from the Fund that benefits a private corporation violates the Texas Constitution. We first address appellant's challenge to the award of attorneys fees.

> Regarding attorneys fees, § 8 provides:
> Any person receiving payment out of the real estate recovery fund pursuant to Section 8 of this Act shall be entitled to receive reasonable attorney fees as determined by the court, subject to the limitations stated in Subsection (n) of this section.

Tex.Rev.Civ.Stat.Ann. art. 6573a, § 8(p) (Vernon Supp.1990) (formerly codified as art. 6573a, § 8, part 10). Because this section allows recovery of "reasonable attorney fees *as determined by the court*," *id.* (emphasis added), appellant reasons that attorneys fees for the case in chief, which are usually determined by the jury, are not recoverable. In support of this interpretation, appellant cites *Pace v. State*, 650

S.W.2d 64 (Tex.1983) and *State v. Wells*, 630 S.W.2d 815 (Tex.App.—Houston [1st Dist.] 1982, no writ). Appellant misinterprets these cases. In *Wells*, the court refused to award the applicant attorneys fees incurred in the appeal of the trial court's order directing payment from the Fund; however, the court allowed recovery of attorneys fees for the underlying suit. *Wells*, 630 S.W.2d at 817. In *Pace*, the court dealt only with the issue whether treble damages under the Deceptive Trade Practices Act were recoverable from the Fund. *See Pace*, 650 S.W.2d at 65. The court held that treble damages under the DTPA constituted punitive damages and were not recoverable from the Fund. *Id.* The *Pace* court did not address recovery of attorneys fees.

In the instant case, the Vances brought suit under the DTPA which provides for recovery of reasonable attorneys fees. *See* TEX.BUS. & COM.CODE ANN. § 17.50(d) (Vernon 1987). The jury awarded the Vances $16,800.00 in attorneys fees and the court entered judgment for this amount. Under *Texas Real Estate Comm'n v. Hood*, 617 S.W.2d 838, 840 (Tex.App.—Eastland 1981, writ ref'd n.r.e.), an applicant for reimbursement from the Fund may recover attorneys fees incurred in applying for reimbursement from the Fund and those incurred in the underlying suit. Because *Hood* expressly authorizes the recovery of attorneys fees from the underlying suit, we overrule point of error two insofar as it challenges recovery of attorneys fees.

■ Finally, appellant argues that if we affirm the trial court's order directing payment from the Fund, we are essentially approving a state subsidy of the debts of a private corporation (Big State) in violation of TEX. CONST. art III, § 50. Appellant cites no authority for this contention and we perceive no constitutional infirmity in the payment from the Fund in this case. Pursuant to the settlement agreement, Big State paid more than half of the total damages awarded. We are unpersuaded that Big State's failure to pay the entire judgment, for which appellant was jointly and severally liable, resulted in an unconstitutional state subsidy of Big State's debt. We overrule appellant's second point of error.

We affirm the judgment of the trial court.