Opinion filed April 5, 2007















 
 
  
 
 







 
 
  
 
 




Opinion filed April 5, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00071-CV 

                                                     __________

 

IN RE BILLY SWINEY AND PATRICIA SWINEY

 

 



 

Original Mandamus Proceeding 

 



 

M
E M O R A N D U M  O P I N I O N

 

Billy Swiney and Patricia Swiney have filed
in this court a petition for writ of mandamus. 
Relators are challenging the trial court=s
December 26, 2006 order denying their second amended motion to compel discovery
responses of Crest Ridge Homes, Inc. to the plaintiffs= request for Tex. R. Civ. P. 194 disclosures, plaintiffs= fourth set of interrogatories, plaintiffs= supplement and/or restated third request
for admissions, plaintiffs= restated and/or supplement to the sixth
request for production, and motion for sanctions entered in the 104th District
Court in Taylor County in Trial Court Cause No. 5466-D.








Relators filed a Deceptive Trade Practices
Act cause of action in the trial court.  See
Tex. Bus. & Com. Code Ann. '' 17.41-.63 (Vernon 2002 and
Supp. 2006).  In their petition, relators
allege that Crest Ridge committed knowing violations of the DTPA and that,
therefore, they are entitled to recover additional damages, including treble
damages, under Section 17.50(b)(1) of the DTPA. 
Treble damages under the DTPA are punitive damages.  Pace v. State, 650 S.W.2d 64, 65 (Tex. 1983).  Thus, relators have alleged a claim for
punitive damages.  

When
a plaintiff has alleged a claim for punitive damages, the plaintiff may
discover evidence of the defendant=s
net worth.  See Lunsford v. Morris,
746 S.W.2d 471, 473 (Tex.
1988).  Although a plaintiff alleging a claim for
punitive damages is entitled to discovery of the defendant=s net worth, the relators in this
cause have not established that mandamus is the appropriate remedy. 
Mandamus will not issue when there is an adequate remedy by appeal.  Walker
v. Packer, 827 S.W.2d 833, 841 (Tex.
1992).  To be entitled to mandamus relief
based on a trial court=s denial of discovery, a relator must show
that the denial of discovery severely compromised his ability to present a
viable claim or that he cannot perfect an adequate appellate record.  Id.
at 843-44; In re Thornton-Johnson, 65 S.W.3d 137, 138 (Tex. App.CAmarillo 2001, orig. proceeding).  Relators have not demonstrated that they lack
an adequate remedy by appeal; therefore, they have failed to establish their
right to mandamus relief. 

We deny relator=s petition for writ of mandamus. 

 

 

PER CURIAM 

 

April 5, 2007

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.