NOEL DALY *et al.*, Plaintiffs-Appellees, *v.* THREE STAR ENTERPRISES, INC., *et al.*, Defendants.—(The Department of Registration and Education, Defendant-Appellant.)

First District (1st Division) No. 81—1641

Opinion filed November 15, 1982.

Tyrone C. Fahner, Attorney General, of Springfield (Kathleen M. Lien, Assistant Attorney General, of counsel), for appellant.

McCarthy, Duffy, Neidhart & Snakard, of Chicago (Stephen A. Snakard, of counsel), for appellees.

JUSTICE O'CONNOR delivered the opinion of the court:

Defendant, the Illinois Department of Registration and Education (Department), appeals from an order of the circuit court of Cook County directing payment out of the Real Estate Recovery Fund to plaintiffs, Noel Daly and Matthew Alvernia, of damages, costs and attorney fees. Defendant contests only the amount of the attorney fees.

Plaintiffs' underlying suit was filed against defendants, Three Star Enterprises, Inc., James E. Hukvari, Stefan Kittl, Jr., Henry Pacyna, Itsvan Hukvari and Maywood Proviso State Bank, as trustee under Trust No. 4166 dated December 7, 1976, alleging that they had defrauded plaintiffs by engaging in various illegal real estate practices and transactions. All but two of these defendants were subsequently dismissed. The circuit court entered a default judgment against the remaining two, Three Star Enterprises, Inc., and James E. Hukvari, for damages of $33,522.59 and costs of $468.85. Plaintiffs were unable to satisfy any part of the judgment and filed a verified claim pursuant to section 8.3 of the Real Estate Brokers and Salesmen License Act (Ill. Rev. Stat. 1979, ch. 111, par. 5718) applying for payment of the judgment, costs and attorney fees from the Real Estate Recovery Fund administered by the Department. The circuit court entered judgment in plaintiffs' favor for $10,000 damages, $468.85 costs and $5,028.39 attorney fees.

Section 8.1 of the Act (Ill. Rev. Stat. 1979, ch. 111, par. 5716) provides in pertinent part:

"Sec. 8.1 The Department shall establish and maintain a Real Estate Recovery Fund from which any person aggrieved by an act, representation, transaction, or conduct of a duly registered real estate broker, real estate broker-salesman, or real estate salesman, which is in violation of this Act or the regulations promulgated pursuant thereto, or which constitutes embezzlement of money or property, or money or property unlawfully obtained from any person by false pretenses, artifice, trickery or forgery or by reason of any fraud, misrepresentation, discrimination or deceit by or on the part of any such real estate broker, real estate broker-salesman or real estate salesman or the unlicensed employee of any such real estate broker, and which results in a loss of actual cash money as opposed to losses in market value, may recover by order of the circuit court or district court of the county where the violation occurred, an amount of not more than $10,000 for damages sustained by the act, representation, transaction, or conduct, together with costs of suit and attorneys fees incurred in

connection therewith of not to exceed 15% of the amount of actual damages awarded.

The maximum liability against such Fund arising out of any one act shall be as provided in this Section and the judgment order shall spread the award equitably among all co-owners or otherwise aggrieved persons, if any. The maximum liability against such Fund arising out of the activities of any single broker, any single broker-salesman or any single salesman, since January 1, 1974 shall be the sum of $50,000."

The circuit court in entering judgment computed the attorney fees as 15% of the default judgment of $33,522.59. Defendant Department argues that the 15% attorney fees should be computed on the amount of damages awarded from the Real Estate Recovery Fund ($10,000) and not on the amount of the judgment recovered in the underlying suit. We agree.

The purpose of the section is succinctly stated in *Buonincontro v. Kloppenborg* (1978), 61 Ill. App. 3d 1041, 1043, 378 N.E.2d 635:

"*** [D]amages are limited under the statute to actual pecuniary loss with a limitation on the amount which may be recovered. It is the obvious purpose and intent of the legislature to allow a defrauded person a limited recovery from the fund, not as an alternative to recovery from other sources but rather as a remedy of last resort to be pursued when all other sources of collection have been exhausted."

Section 8.1 provides that where there is "a loss of actual cash money as opposed to losses in market value," a person so suffering from an act by a real estate broker, broker-salesman or real estate salesman which violates the Act "may recover by order of the circuit court *** an amount of not more than $10,000 for damages sustained *** together with costs of suit and attorneys fees incurred in connection therewith of not to exceed 15% of the actual damages awarded." This section is not concerned with the entry of the judgment in the underlying action, but only with payment from the fund. If the words "actual damages awarded" was intended to refer to the judgment in the underlying action and not to an award within the $10,000 limitation, then the section would have referred specifically to the judgment.

Moreover, in addition to the $10,000 limitation, there is the further limitation of $50,000 for the activities of any single broker since January 1, 1974. These limitations on the amount of recovery from the fund are to insure the financial integrity of the fund. Recovery from the fund is not intended to be fully compensatory. To allow a re-

covery for attorney fees from the fund in excess of 15% of the actual amount of damages recovered from the fund could give, where the underlying recovery was large, greater financial relief to the attorneys than that given to an injured party. It could cause the attorneys to be fully compensated where the injured party would not be.

We can find no such legislative intent in the Real Estate Brokers and Salesmen License Act. Section 1 of that Act (Ill. Rev. Stat. 1979, ch. 111, par. 5701) states:

> "The intent of the legislature in enacting this statute is to evaluate the competency of persons engaged in the real estate business for the protection of the public."

Nor can the fact that section 8.1 provides that the aggrieved person "may" recover rather than "shall" recover serve to create a legislative intent to allow the possibility of recovery of attorney fees in excess of 15% of the damages awarded from the fund. From a reading of the Act, we find that the reference to "actual damages awarded" in section 8.1 can refer only to those damages awarded from the fund and not to those awarded in the underlying suit.

Because the damages awarded from the fund here were the maximum $10,000, plaintiffs were entitled to no more than a $1,500 attorney fees payment from the fund. Although the amount was not put in issue in *Jones v. Anderson* (1978), 62 Ill. App. 3d 284, 379 N.E.2d 104, that was the amount of attorney fees there allowed.

The judgment for $5,028.39 for attorney fees is accordingly modified to reduce it to $1,500 and, as modified, the judgment is affirmed.

Affirmed as modified.

CAMPBELL, P.J., and McGLOON, J., concur.