JOHN PARIS *et al.*, Plaintiffs-Appellants, v. SAMUEL FEDER *et al.*, Defendants (The Department of Professional Regulation, Defendant and Intervenor-Appellee).

First District (3rd Division)    No. 1—96—0336

Opinion filed December 30, 1996.

Richard E. Steck, of Steck & Spataro, of Chicago, for appellants.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Jerald S. Post, Assistant Attorney General, of counsel), for appellee.

JUSTICE CAHILL delivered the opinion of the court:

John and Barbara Paris appeal an order awarding them $10,000 plus $1,500 in attorney fees from the Real Estate Recovery Fund. Their complaint had asked for the full amount of their loss, $23,000.

Plaintiffs signed an agreement for the purchase of real estate on August 17, 1993. Plaintiffs deposited $20,750 in earnest money with defendants, who were licensed real estate agents. The agreement terminated without default, but the brokers never returned the earnest money. Plaintiffs filed a complaint against the brokers on January 19, 1995, for conversion and breach of a promissory note. Judgment was entered against the brokers, Samuel Feder and Liberty Real Estate, Inc.

Plaintiffs filed a verified claim against the Real Estate Recovery Fund for $20,000 plus $3,000 in attorney fees and costs. The Illinois Department of Professional Regulation, which maintains the Real Estate Recovery Fund (Fund), intervened and filed a response. The Department argued that the statute governing the Fund limited recovery to a maximum of $10,000 for each real estate transaction, no matter how many persons suffered losses. The court agreed with the Department and directed the Fund to pay plaintiffs $10,000 plus $1,500 in attorney fees and costs. This appeal followed. We affirm.

The facts are undisputed, so our decision depends on the interpretation of the statute. *Von Meeteren v. Sell-Sold, Ltd.*, 274 Ill. App. 3d 993, 996, 654 N.E.2d 577 (1995). Our standard for review is *de novo. Von Meeteren*, 274 Ill. App. 3d at 996.

Two appellate court opinions address the interpretation of this statute but come to opposite conclusions: *Von Meeteren*, 274 Ill. App.

3d 993, 654 N.E.2d 577; and *Reda v. Otero*, 251 Ill. App. 3d 666, 622 N.E.2d 825 (1993). We agree with the reasoning and conclusion of the court in *Von Meeteren*, though we acknowledge that the court reached its conclusion in *dicta*.

First, we find that the statute is clear on its face. We need not explore legislative intent to determine the meaning of the statute. *Branson v. Department of Revenue*, 168 Ill. 2d 247, 659 N.E.2d 961 (1995).

■ Section 23 of the Real Estate License Act of 1983 reads in part:

> "The Department shall establish and maintain a Real Estate Recovery Fund from which any person aggrieved by an act, representation, transaction or conduct of a duly licensed broker \*\*\* which constitutes embezzlement of money or property or results in money or property being unlawfully obtained from any person by false pretenses, artifice, trickery or forgery or by reason of any fraud, misrepresentation, discrimination or deceit \*\*\* and which results in a loss of actual cash money as opposed to losses in market value, may recover. Such aggrieved person may recover, by order of the circuit court of the county where the violation occurred, an amount of not more than $10,000 from such fund for damages sustained by the act, representation, transaction, or conduct, together with costs of suit and attorneys' fees incurred in connection therewith of not to exceed 15% of the amount of the recovery ordered paid from the Fund. \*\*\*
>
> The maximum liability against the Fund arising out of any one act shall be as provided in this Section and the judgment order shall spread the award equitably among all co-owners or otherwise aggrieved persons, if any. The maximum liability against the Fund arising out of the activities of any single broker \*\*\* shall be $50,000." 225 ILCS 455/23 (West 1994).

We agree with the analysis in *Von Meeteren* that the statute unambiguously states that for a single "act" the person or persons aggrieved may recover no more than $10,000. The statute then goes on to provide that "the judgment order shall spread the award equitably among all co-owners or otherwise aggrieved persons, if any." 225 ILCS 455/23 (West 1994). When a single broker is guilty of more than one fraudulent transaction, the maximum liability of the Fund for the behavior of that broker is $50,000. *Von Meeteren*, 274 Ill. App. 3d at 1000.

This reading of the statute is reinforced when compared with its predecessor. The earlier statute reads in part:

> "The Department shall establish and maintain a Real Estate Recovery Fund from which any person aggrieved by an act \*\*\*

which results in a loss of actual cash money as opposed to losses in market value, may receive by order of the circuit court or district court of the county where the violation occurred, an amount of not more than $10,000 for damages sustained by the act *** together with costs of suit and attorneys fees incurred in connection therewith of not to exceed 15% of the amount of actual damages awarded.

The maximum liability against such Fund arising out of any one act shall be as provided in this Section and the judgment order shall spread the award equitably among all co-owners or otherwise aggrieved persons, if any." Ill. Rev. Stat. 1973, ch. 114¹/₂, par. 108.1.

Under the earlier statute, the maximum recovery for a single act of a broker is $10,000 no matter how many persons suffered a loss. The earlier statute did not address the maximum liability of the Fund when one broker was guilty of more than one fraudulent transaction. This is addressed in the amended statute.

The plaintiffs argue that a substantive amendment to a statute is presumed to change the law. *Reda v. Otero*, 251 Ill. App. 3d at 671, citing *Hession v. Illinois Department of Public Aid*, 129 Ill. 2d 535, 543, 544 N.E.2d 751 (1989). We agree with this statement of law: the amendment here enlarges the scope of the old statute by defining the maximum recovery from the Fund for multiple acts of a single broker.

The court in *Reda* found that the amendment increased the maximum recovery for each aggrieved person. The court stated that it gave effect to the intent of the legislature as indicated by the language and, therefore, concluded that the maximum liability against the Fund arising out of a single transaction with a real estate broker is $50,000. But, this interpretation ignores the later statutory language that the "maximum liability against the Fund arising out of the *activities* of any single broker *** shall be $50,000." (Emphasis added.) 225 ILCS 455/23 (West 1994).

█ If we accept the analysis of the *Reda* court, an anomaly is immediately evident. If each transaction were subject to a $50,000 recovery from the Fund, there would be no reason to retain a $10,000 cap on the recovery possible for each person. But the amended statute maintained the $10,000 cap. So it is clear that the legislation intended to identify two separate circumstances where Fund liability limits are triggered: single transactions, with a maximum recovery of

$10,000; and a $50,000 limit for activities of a broker no matter how many transactions.

Affirmed.

THEIS and O'BRIEN, JJ., concur.