(No. 82713.— )

JOHN PARIS *et al.*, Appellants, v. SAMUEL FEDER *et al.* (The Department of Professional Regulation, Appellee).

*Opinion filed October 23, 1997.*

HEIPLE, J., joined by HARRISON, J., dissenting.

Richard E. Steck, of Steck & Spataro, of Chicago, for appellants.

James E. Ryan, Attorney General, of Springfield (Barbara A. Preiner, Solicitor General, and Jerald S. Post, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE BILANDIC delivered the opinion of the court:

In this appeal we must determine how the statutory $10,000 limit on recovery from the Real Estate Recovery Fund (225 ILCS 455/23 (West 1992)) operates where multiple parties have been injured as a result of a single transaction.

## FACTS

In 1993, the two plaintiffs, John and Barbara Paris, entered into a written agreement to purchase certain real estate located in Skokie, Illinois, from the owner of record. Plaintiffs deposited $20,750 in earnest money with the seller's licensed real estate broker, Liberty Real Estate, Inc. The purchase agreement terminated without default, but Liberty Real Estate failed to return plaintiffs' earnest money.

According to the record, one of the owners of Liberty Real Estate stole plaintiffs' earnest money and disappeared. The company's president, Samuel Feder, later signed a promissory note agreeing to repay the stolen earnest money to plaintiffs, but never did so.

Plaintiffs brought an action against Liberty Real Estate, Feder, and others for conversion and breach of the promissory note in the circuit court of Cook County. Ultimately, the circuit court entered a default judgment in favor of plaintiffs and against Liberty Real Estate and Feder for $20,750 plus costs. A separate punitive damages award was also entered.

Unable to collect on their $20,750 judgment, plaintiffs filed a verified claim against the Real Estate Recovery Fund (the Fund). Although the verified claim is not contained in the record, the parties agree that plaintiffs sought recovery from the Fund in the amount of $20,000, plus an additional 15% for attorney fees, for a total of $23,000. Plaintiffs apparently did not seek to recover any costs of suit from the Fund. See 225 ILCS 455/23 (West 1992).

The Department of Professional Regulation, then the governmental entity in charge of maintaining the Fund (225 ILCS 455/23 (West 1992)), intervened and filed a response to the verified claim. The Department argued that the statute governing the Fund limits recovery from the Fund to a maximum of $10,000 for each transaction, plus an additional 15% for attorney

fees, regardless of the number of parties aggrieved in the transaction. The Department relied on the appellate court decision in *Von Meeteren v. Sell-Sold, Ltd.*, 274 Ill. App. 3d 993 (1st Dist. 1995). Accordingly, the Department contended, the Fund's maximum liability to plaintiffs was $10,000 plus $1,500 for attorney fees.

Plaintiffs argued in reply that the statutory $10,000 limit on recovery does not apply to each transaction, but rather only to each aggrieved party. Relying on the appellate court opinion of *Reda v. Otero*, 251 Ill. App. 3d 666 (2d Dist. 1993), plaintiffs claimed that, under the statute, each and every aggrieved party is entitled to recover from the Fund $10,000 plus $1,500 in attorney fees. Plaintiffs therefore maintained that, as two aggrieved parties, they were entitled to recover from the Fund a total of $23,000.

The circuit court rejected plaintiffs' contention and directed the Fund to pay them $10,000 plus $1,500 for attorney fees. The appellate court affirmed, following *Von Meeteren*. 285 Ill. App. 3d 1016. We allowed plaintiffs' petition for leave to appeal (155 Ill. 2d R. 315(a)) and now affirm the circuit and appellate courts.

## ANALYSIS

Illinois' Real Estate Recovery Fund, conceived in legislation enacted in 1973 (1973 Ill. Laws 2746, 2749-50), is now governed by certain provisions of the Real Estate License Act of 1983 (the Act) (225 ILCS 455/23 through 30 (West 1992)). Supported by fees paid by real estate professionals, the Fund provides a pool of money from which persons who are injured by the misconduct of licensed real estate professionals, and who are not able to collect on a judgment obtained against such professionals, may be able to receive payment. 225 ILCS 455/15, 23 through 25 (West 1992). Recoveries from the Fund are limited and are not intended to be fully compensatory. See *Daly v. Three Star Enterprises, Inc.*,

110 Ill. App. 3d 386, 388 (1982); 225 ILCS 455/23 (West 1992).

We are here called upon to interpret the $10,000 limit on recovery from the Fund as set forth in section 23 of the Act (225 ILCS 455/23 (West 1992)). The question is whether the $10,000 recovery limit applies on a per transaction basis, as the Department contends, or only on a per aggrieved party basis, as the plaintiffs contend.

Our appellate court is divided on how to interpret the $10,000 recovery limit. The appellate court in this case and in *Von Meeteren* determined that the limit applies on a per transaction basis, thereby limiting all parties whose injuries arose out of a single transaction to one $10,000 recovery. *Von Meeteren*, 274 Ill. App. 3d at 999-1000. The appellate court in *Reda*, on the other hand, held that the limit applies only on a per aggrieved party basis, thereby allowing every party aggrieved in a single transaction to separately recover up to the $10,000 limit. *Reda*, 251 Ill. App. 3d 666.

The cardinal rule of statutory construction is to ascertain and give effect to the true intent of the legislature. *Solich v. George & Anna Portes Cancer Prevention Center of Chicago, Inc.*, 158 Ill. 2d 76, 81 (1994). The best evidence of legislative intent is the language used in the statute itself, which must be given its plain and ordinary meaning. *Kraft, Inc. v. Edgar*, 138 Ill. 2d 178, 189 (1990); *People v. Tucker*, 167 Ill. 2d 431, 435 (1995). The statute should be evaluated as a whole, with each provision construed in connection with every other section. *Abrahamson v. Illinois Department of Professional Regulation*, 153 Ill. 2d 76, 91 (1992). If legislative intent can be ascertained from the statute's plain language, that intent must prevail without resort to other interpretive aids. *People v. Fitzpatrick*, 158 Ill. 2d 360, 364-65 (1994). We conduct *de novo* review when

resolving an issue of statutory construction. *Lucas v. Lakin*, 175 Ill. 2d 166, 171 (1997).

Section 23 of the Act provides in relevant part:

"The Department shall establish and maintain a Real Estate Recovery Fund from which any person aggrieved by an act, representation, transaction or conduct of a duly licensed broker *** may recover. Such aggrieved person may recover *** an amount of not more than $10,000 from such fund for damages sustained by the act, representation, transaction, or conduct, together with costs of suit and attorneys' fees incurred in connection therewith of not to exceed 15% of the amount of the recovery ordered paid from the Fund. ***

The maximum liability against the Fund arising out of any one act shall be as provided in this Section and the judgment order shall spread the award equitably among all co-owners or otherwise aggrieved persons, if any. The maximum liability against the Fund arising out of the activities of any single broker *** shall be $50,000." 225 ILCS 455/23 (West 1992).

Our examination of this provision persuades us that the Department's position is correct. The plain language of the statute clearly establishes a maximum recovery for liability against the Fund for injuries arising out of a single transaction where it states: "The maximum liability against the Fund *arising out of any one act* shall be as provided in this Section ***." (Emphasis added.) The remainder of that sentence then provides that "the judgment order shall spread the award equitably among all co-owners or otherwise aggrieved persons, if any." 225 ILCS 455/23 (West 1992). This phrase demonstrates that the legislature clearly contemplated that in situations where more than one person has been injured in a single transaction, an equitable division of the maximum recovery limit should be made. We therefore hold that the $10,000 recovery limit applies to each transaction, regardless of the number of persons aggrieved as a result of the transaction.

Plaintiffs' contentions otherwise are not persuasive. They argue that the language setting the per transaction limit refers to the $50,000 recovery limit contained in the statute, not the $10,000 recovery limit. We acknowledge that the language setting the single transaction limit does not specify to which recovery limit it refers, but rather simply states that the limit "shall be as provided in this Section." Once the statute is evaluated as a whole, however, it becomes apparent that the legislature intended this language to refer to the $10,000 recovery limit. As noted, the sentence "The maximum liability against the Fund arising out of any one act shall be as provided in this Section" establishes a recovery limit for liability arising out of a single act. The sentence directly following this one then sets a $50,000 recovery limit for liability arising out of all "the activities of any single broker." Given that the first sentence speaks in terms of a single act whereas the second sentence clearly refers to the multiple activities of any single broker, we find it apparent that these two sentences fulfill different functions and consequently must refer to different recovery limits. We therefore reject plaintiffs' assertion that the language setting the per transaction limit refers to the $50,000 recovery limit. Contrary to plaintiffs' claim, the statute provides a $10,000 recovery limit for injuries arising out of a single transaction, and a $50,000 recovery limit for injuries arising out of all the activities of a single broker. 225 ILCS 455/23 (West 1992); see generally Note, *The Real Estate Recovery Fund: Constitutional and Procedural Critique of an Illinois Remedy*, 56 Chi.-Kent L. Rev. 401, 422 n.155, 423 n.156 (1980) (noting that most real estate recovery fund statutes "place a maximum limit on the amount of recovery per transaction involved" and also "place a ceiling on the maximum liability of the fund arising out of the acts of a single licensee").

Plaintiffs further maintain that the statute should be interpreted as follows: that the first paragraph concerns the amount of relief for an "aggrieved person" and establishes a $10,000 limit per aggrieved person, whereas the second paragraph concerns the amount of relief for all persons aggrieved by a single broker and establishes a $50,000 limit per broker. Under this interpretation, whenever two or more persons are aggrieved by the single act of a broker, they may each recover up to $10,000 from the Fund plus the permitted fees, with the maximum liability against the Fund arising out of all the activities of any single broker to be $50,000. *Reda*, 251 Ill. App. 3d 666. Plaintiffs, as two persons aggrieved as a result of a single transaction, would therefore be entitled to recover $20,000 plus $3,000 in attorney fees. This argument must be rejected because it wholly ignores the statutory language providing for a maximum recovery for liability against the Fund arising out of a single transaction, as discussed above. It also ignores the statutory language distinguishing between a single act and the multiple acts of one broker, also discussed above.

In conclusion, the statute's plain language places a $10,000 limit on recovery for liability arising out of a single transaction, regardless of the number of persons aggrieved as a result of the transaction. *Von Meeteren*, 274 Ill. App. 3d at 999-1000. The appellate court decision in *Reda*, 251 Ill. App. 3d 666, is hereby overruled to the extent that it is not consistent with this holding.

The plain language of the statute being clear, we need not consider other interpretive aids in order to ascertain legislative intent. See *Advincula v. United Blood Services*, 176 Ill. 2d 1, 18-19 (1996) (setting forth when other interpretive aids should be considered). We note, however, that our interpretation of the statute is reinforced when one considers its legislative history.

A predecessor statute that governed the Fund provided in relevant part:

"The Department shall establish and maintain a Real Estate Recovery Fund from which any person aggrieved by an act, representation, transaction, or conduct of a duly registered real estate broker *** may recover *** an amount of not more than $10,000 for damages sustained by the act, representation, transaction, or conduct *** together with costs of suit and attorney fees incurred in connection therewith of not to exceed 15% of the amount of actual damages awarded.

The maximum liability against such Fund arising out of any one act shall be as provided in this Section and the judgment order shall spread the award equitably among all co-owners or otherwise aggrieved persons, if any." Ill. Rev. Stat. 1973, ch. 114$^1$/$_2$, par. 108.1.

This predecessor statute thus provided only a single $10,000 recovery limit. It did not contain the second, $50,000 recovery limit, which was added later. As a result, in this version of the statute, the last sentence quoted above obviously referred to the $10,000 limit. This last sentence also provided that the $10,000 limit applied on a per transaction basis and was to be divided equitably among all the persons aggrieved. These legislative intentions were made clear in the debates surrounding the predecessor version. In summarizing some of the main points of this legislation, the bill's sponsor explained: "It also provides that the maximum liability *** is $10,000. That is that only $10,000 can be recovered from the recovery fund from one incident so that if there were two contract purchases [*sic*] *** each of whom lost $10,000, they would have to share *** in the $10,000 recovery." 78th Ill. Gen. Assem., House Proceedings, June 30, 1973, at 39 (statement of Representative Walsh). This legislative history therefore demonstrates that our General Assembly intended the $10,000 recovery limit to operate on a per transaction basis, regardless of the number of aggrieved parties.

The legislature subsequently amended the statute in 1975 to add the $50,000 recovery limit by adding the following sentence: "The maximum liability against such Fund arising out of the activities of any single broker *** shall be the sum of $50,000." 1975 Ill. Laws 2308 (Pub. Act 79—749, approved September 4, 1975). When it added this sentence, the legislature did not change the wording of the sentence pertaining to the maximum limit on liability arising out of a single act. 1975 Ill. Laws 2308. We can infer from this decision that the legislature intended to retain the $10,000 recovery limit on a per transaction basis and to add the $50,000 recovery limit on a per broker basis. Therefore, the $50,000 per broker limit added by that amendment did not alter how the $10,000 per transaction limit operates. This conclusion is supported by the debates held on this amendment. The debates reveal that the $50,000 per broker limit was aimed at a particular concern, unrelated to the $10,000 per transaction limit. This concern was that, without any cap on liability arising out of all the activities of a single broker, any single broker could threaten the integrity of the entire Fund. See 79th Ill. Gen. Assem., House Proceedings, May 21, 1975, at 44-46. This later legislative history thus shows that our General Assembly, in adding the $50,000 recovery limit per broker, did not in any way intend to change how the original $10,000 recovery limit per transaction operates.

In the present case, the two plaintiffs concede that their injuries arose out of a single transaction. As a result, consistent with our holding above, their recovery from the Fund is limited to $10,000 plus $1,500 for attorney fees.

## CONCLUSION

For the reasons stated, the judgment of the appellate court, affirming the judgment of the circuit court, is affirmed.

*Affirmed.*

JUSTICE HEIPLE, dissenting:

This case presents a narrow question of statutory interpretation: Does the $10,000 damage cap on claims paid out of the Real Estate Recovery Fund apply per claimant or per transaction? The majority holds that the $10,000 cap applies per transaction, so that the two plaintiffs—who were defrauded when their real estate broker absconded with $20,750 in earnest money—may recover only $10,000 for the two of them.

The statute provides, however, that any person aggrieved by the fraudulent act of a real estate broker may recover from the Fund an amount of not more than $10,000 and that the Fund's maximum liability arising out of the activities of any single broker is limited to $50,000. The word "transaction" in the Act is not a word of limitation upon a claimant's right to recover.

As Justice Holmes once observed, "we do not inquire what the legislature meant; we ask only what the statute means." O. Holmes, *The Theory of Legal Interpretation,* 12 Harv. L. Rev. 417, 419 (1898). The statute's plain language provides for a $10,000 cap which applies per claimant—not per transaction; the majority opinion creates the latter limitation out of thin air.

Each plaintiff should be allowed $10,000 for a total claim on the Fund of $20,000 plus attorney fees. Accordingly, I respectfully dissent.

JUSTICE HARRISON joins in this dissent.