*In re* M.G., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. M.G., Respondent-Appellant).

Second District   No. 2—98—1351

Opinion filed June 13, 2000.

G. Joseph Weller and Jack Hildebrand, both of State Appellate Defender's Office, of Elgin, for appellant.

Roger T. Russell, State's Attorney, of Belvidere (Martin P. Moltz and Peggy F.J. Bradford, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE BOWMAN delivered the opinion of the court:

Respondent, M.G., appeals from circuit court orders that found him to be delinquent and committed him to the Department of Corrections, Juvenile Division, for committing the offenses of aggravated battery (720 ILCS 5/12—4(b) (West 1998)) (two counts) and robbery (720 ILCS 5/18—1(a) (West 1998)). Respondent contends that the trial court acted without authority to find him delinquent or to order him committed to the Department of Corrections based on the offenses of aggravated battery and robbery because the supplemental petition that the State filed regarding those offenses failed to allege that he was delinquent or that it was in his and the public's best interest that he be adjudged a ward of the court. Respondent argues that such allegations are required by section 5—13 of the Juvenile Court Act of 1987 (Act) (705 ILCS 405/5—13 (West 1996) (repealed effective January 1, 1999 (now see 705 ILCS 405/5—520 (West 1998))). We affirm.

On February 14, 1996, a petition for adjudication of wardship was filed regarding respondent (petition No. 1). Respondent was 11 years old at the time. Petition No. 1 alleged that respondent was delinquent and that it was in the best interest of respondent and the public that respondent be adjudged a ward of the court because respondent had committed the offense of robbery. Respondent was subsequently found to be delinquent and was made a ward of the court. On November 18, 1996, a dispositional order was entered placing respondent on probation for two years.

On January 28, 1997, another petition for adjudication of wardship (petition No. 2) was filed regarding respondent. Petition No. 2 alleged that respondent was delinquent and that it was in the best interest of respondent and the public that respondent be adjudged a ward of the court because respondent had committed the offense of unlawful damage to a vehicle (625 ILCS 5/4—102(a)(1) (West 1996)). Respondent was subsequently found to be delinquent and was made a ward of the court. On March 10, 1997, a dispositional order related to petition No. 2 was entered. The order extended and modified the dispositional order that was entered pursuant to petition No. 1 by placing respondent on probation until his seventeenth birthday. The order also continued the terms of the dispositional order that was entered pursuant to petition No. 1.

On December 2, 1997, a petition to revoke respondent's probation

was filed. The petition alleged that respondent violated one of the terms of the dispositional order that modified and extended his probation. The alleged violation was respondent's failure to attend alcohol and drug treatment sessions.

On July 31, 1998, a petition for supplemental relief was filed regarding respondent. The supplemental petition is the subject of this appeal. The supplemental petition referred to the March 10, 1997, dispositional order and noted that respondent had been adjudged delinquent, had been made a ward of the court, and had been placed on probation until his seventeenth birthday. The supplemental petition alleged that on July 27, 1998, respondent had committed three counts of aggravated battery and one count of robbery. The State subsequently dismissed one of the aggravated battery counts. The supplemental petition asked the court to "modify the previous order and grant appropriate relief under the Juvenile Court Act." The supplemental petition did not allege that respondent was delinquent or that it would be in the best interest of respondent and the public that respondent be adjudged a ward of the court.

On August 24, 1998, the trial court conducted an adjudicatory hearing regarding the supplemental petition. Respondent's attorney advised the court that respondent wished to enter a plea of guilty. The trial court admonished respondent regarding his proposed guilty plea. The State presented a factual basis in support of the guilty plea. The trial court then accepted respondent's guilty plea and found respondent delinquent.

On August 31, 1998, following a dispositional hearing, the trial court entered a dispositional order committing respondent to the Department of Corrections, Juvenile Division. The trial court later denied respondent's motions to vacate the disposition and to reconsider his sentence. Respondent's timely appeal followed.

On appeal, respondent contends that the dispositional order that was entered on August 31, 1998, must be reversed because the supplemental petition failed to conform to the requirements of section 5—13 of the Act (705 ILCS 405/5—13 (West 1996)) that was in effect at the time of these proceedings. Respondent argues that under section 5—13 a supplemental petition must allege that the minor in question is delinquent and that it is in the best interest of the minor and the public that the minor be adjudged a ward of the court. In respondent's view, the State's failure to include these allegations in the supplemental petition that was filed in this case rendered the petition inadequate as a basis for the delinquency proceedings that occurred regarding the aggravated battery and robbery counts. Respondent also takes the position that the trial court's treatment of the

petition as an adequate basis for the delinquency proceedings violated his due process rights because he was not properly informed that the State was seeking a finding of delinquency regarding the offenses alleged in the petition. Respondent raises these issues for the first time on appeal.

Respondent relies heavily on his construction of section 5—13. We therefore begin our analysis by construing section 5—13. We conduct *de novo* review when resolving an issue of statutory construction. *Paris v. Feder*, 179 Ill. 2d 173, 177-78 (1997).

■ Our supreme court recently reiterated the well-established principles that guide us in construing a statute. The court stated:

"The fundamental rule of statutory interpretation is to give effect to the intention of the legislature. A court first looks to the words of the statute. The language of the statute is the best indication of the legislative intent. When the statutory language is clear, it must be given effect without resort to other tools of interpretation. In interpreting a statute, it is never proper for a court to depart from plain language by reading into a statute exceptions, limitations, or conditions which conflict with the clearly expressed legislative intent. [Citations.]" *County of Knox ex rel. Masterson v. The Highlands, L.L.C.*, 188 Ill. 2d 546, 556 (1999).

Section 5—13 provides, in relevant part:

"(2) The petition *** shall allege that the minor is delinquent *** ***

(3) The petition must allege that it is in the best interests of the minor and of the public that he be adjudged a ward of the court *** ***

***

(5) At any time before dismissal of the petition or before final closing and discharge under Section 5—34, one or more supplemental petitions may be filed in respect of the same minor." 705 ILCS 405/5—13(2), (3), (5) (West 1996).

The plain language of section 5—13 clearly distinguishes between a petition and a supplemental petition that are filed under the Act with respect to the same minor. Paragraphs 2 and 3 address a petition and require that a petition allege "that the minor is delinquent" and "that it is in the best interests of the minor and of the public that he be adjudged a ward of the court." 705 ILCS 405/5—13(2), (3) (West 1996). Paragraph 5 addresses supplemental petitions and does not expressly require that a supplemental petition include these delinquency and wardship allegations. The question before us is whether, as respondent asserts, paragraph 5 implicitly requires that a supplemental petition include the delinquency and wardship allegations that are required in a petition. Neither party has cited a case

and our research has not revealed any reported case that construes section 5—13 in this context.

We believe that the legislature's intent as to whether section 5—13 requires a supplemental petition to contain the delinquency and wardship allegations is evident from the legislature's use of the term "supplemental." The language of a statute should be given its plain and ordinary meaning. *People v. Tucker*, 167 Ill. 2d 431, 435 (1995).

"Supplemental" means "[t]hat which is added to a thing or act to complete it." Black's Law Dictionary 1438 (6th ed. 1990). From the language of paragraph 5 of section 5—13, it is readily apparent that a supplemental petition is added to a previously filed petition regarding the same minor. Assuming that the petition in question contained the delinquency and wardship allegations required by paragraphs 2 and 3, nothing in the language of paragraph 5 indicates that the legislature intended that a supplemental petition that is added to such a petition must also include the allegations that are required by paragraphs 2 and 3. When the petition to which a supplemental petition is added has already alleged that the minor is delinquent and that it is in the best interests of the minor and the public that he be adjudged a ward of the court, it would be redundant to require that a supplemental petition that is added to such a petition also include the allegations. Consequently, we conclude that section 5—13 does not require that a supplemental petition include the delinquency and wardship allegations that are required in a petition regarding the same minor.

■ In this case, both petition No. 1 and petition No. 2 alleged that respondent was delinquent and that it was in the best interest of respondent and the public that he be adjudged a ward of the court. With respect to each petition, the trial court found that respondent was delinquent and adjudged him a ward of the court. Neither petition had been dismissed or finally closed when the supplemental petition was filed. The supplemental petition expressly referred to petition No. 2, which had modified and extended petition No. 1. Under these circumstances, there could be no doubt that the supplemental petition served to add new allegations of delinquency to petitions No. 1 and No. 2. Because petitions No. 1 and No. 2 each included the required delinquency and wardship allegations, the allegations were not required in the supplemental petition.

Based on this record, we conclude that the supplemental petition was sufficient to authorize the trial court to conduct delinquency proceedings regarding the offenses that were alleged in the supplemental petition. Therefore, the trial court could appropriately find respondent delinquent, make him a ward of the court, and enter a dispositional order committing respondent to the Department of Corrections,

Juvenile Division, based on the offenses that were alleged in the supplemental petition.

Respondent's assertion that the supplemental petition was like a petition to revoke probation does not change our conclusion. Although the supplemental petition refers to respondent's probation, it does not specifically seek to revoke the probation. Rather, the supplemental petition requests modification of the previous order and appropriate relief under the Act. The Act provides for a number of possible dispositions. See 705 ILCS 405/5—23 (West 1996). If the State merely wanted to revoke respondent's probation, it could have filed a petition to revoke probation as it had previously done in this case. See 705 ILCS 405/5—25 (West 1996) (setting out procedures for probation revocation).

Respondent also asserts a due process violation. Respondent argues that the failure of the supplemental petition to inform him or his parents that the State was seeking a finding of delinquency based on the offenses that were alleged in the supplemental petition constituted a violation of respondent's due process rights.

We have already determined that the supplemental petition complied with the requirements of section 5—13. Determining due process requirements apart from statutory provisions necessitates an examination of the proceedings in a given case in terms of fundamental unfairness. *In re S.R.H.*, 96 Ill. 2d 138, 144 (1983). When, as here, a due process violation is asserted for the first time on appeal regarding the sufficiency of a supplemental petition, the petition is deemed sufficient if it apprised the minor of the precise offenses in question with sufficient specificity to prepare his defense and allow the pleading of a resulting adjudication as a bar to future prosecution arising out of the same conduct. *S.R.H.*, 96 Ill. 2d at 145.

Our examination of the supplemental petition that was filed in this case shows that the supplemental petition clearly apprised respondent of the precise offenses in question with sufficient specificity to prepare his defense. The supplemental petition also was sufficiently specific to preclude, on double jeopardy grounds, any future prosecution based on the same conduct. Therefore, as to the alleged offenses, the supplemental petition did not violate respondent's due process rights.

We realize that respondent's assertion of a due process violation is based on his view that it was fundamentally unfair for the supplemental petition to fail to allege that he was delinquent and that it was in his and the public's best interests that he be adjudged a ward of the court. We disagree. An examination of the record shows that respondent was not prejudiced by the failure of the supplemental petition to

include these allegations. The record shows that respondent was aware that the State intended to seek a finding of delinquency based on the offenses that were alleged in the supplemental petition. Moreover, throughout the proceedings, respondent defended himself in the same manner that he would have defended himself if the supplemental petition had expressly stated that he was delinquent. Accordingly, we conclude that respondent's due process rights were not violated by the failure of the supplemental petition to include the delinquency and wardship allegations.

Based on the foregoing, the judgment of the circuit court of Boone County is affirmed.

Affirmed.

RAPP and GALASSO, JJ., concur.