NOTICE

Decision filed 05/12/21. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 190532

NO. 5-19-0532

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| JACOB WENDLING, as Administrator of the Estate of Ann Van Dyke, | ) ) ) | Appeal from the Circuit Court of Clay County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 19-L-4 |
| CHAD MILNER and CLAY COUNTY, | ) ) ) | Honorable Michael D. McHaney, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE CATES delivered the judgment of the court, with opinion.
Presiding Justice Boie and Justice Vaughan concurred in the judgment and opinion.

**OPINION**

¶ 1    The plaintiff, Jacob Wendling, as administrator of the estate of Ann Van Dyke, filed a wrongful death and survival action against the defendants, Chad Milner and Clay County. The plaintiff alleged that the decedent, Ann Van Dyke, died as a result of the defendants' willful and wanton misconduct in failing to respond to a 9-1-1 call for emergency assistance in breach of their duties under the Illinois Domestic Violence Act of 1986 (Domestic Violence Act) (750 ILCS 60/101 *et seq.* (West 2018)). The defendants filed a combined motion to dismiss the plaintiff's complaint under section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2018)) and argued, in part, that they had absolute immunity from liability under section 4-102 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/4-102 (West 2018)). The defendants also argued that the plaintiff failed to allege

1

any facts to indicate that the defendants knew, or had reason to believe, that the decedent's 9-1-1 call involved domestic violence and, therefore, failed to show that the limited liability provision in section 305 of the Domestic Violence Act (750 ILCS 60/305 (West 2018)) applied in this case. The circuit court granted the defendants' motion and dismissed the complaint with prejudice. On appeal, the plaintiff argues that the complaint alleged sufficient facts to show that the failure of the defendants to render emergency assistance to the decedent constituted actionable, willful, and wanton conduct under section 305 of the Domestic Violence Act. For the reasons that follow, we affirm.

¶ 2                                I. BACKGROUND

¶ 3     The following factual allegations are taken from the plaintiff's complaint. On May 2, 2018, at 3:56 p.m., a 9-1-1 call was placed from the landline phone at the decedent's residence. The 9-1-1 operator who answered the call did not receive any response from the caller. The operator remained on the line for several seconds, attempting to elicit a response from the caller and to assess the nature of the call, before disconnecting.[1] At 3:57:20 p.m., the operator called the decedent's landline and received a busy signal. The operator then reported the open-line call to the dispatcher for the Clay County Sheriff's Department.

¶ 4     Defendant Chad Milner, a deputy employed by the Clay County Sheriff's Department, was on duty that day. According to the plaintiff's complaint, Milner heard the dispatcher's communication concerning the open-line call, but he did not immediately respond. At 5:11 p.m. that same day, Milner called the decedent's landline, but no one answered. Milner then drove to the decedent's residence, a five-minute drive from the sheriff's department, without notifying the dispatcher. When Milner arrived at decedent's residence, he received no response from anyone

---

[1] This type of call is commonly referred to as an "open-line" call.

2

within the residence, so he returned to the sheriff's department. At approximately 5:53 p.m., Milner decided to return to the decedent's residence. This time, he notified the dispatcher. At 6:15 p.m., Milner entered the decedent's home and found her body. The decedent had been shot more than one time. The plaintiff alleged that the fatal shot was inflicted on or after 4:15 p.m.

¶ 5     On April 17, 2019, the plaintiff filed a survival and wrongful death action[2] against the defendants, arising from Milner's failure to respond to the decedent's 9-1-1 call. Counts I and II of the complaint were brought against Milner and alleged that he was grossly negligent in failing to respond to the dispatcher's communication regarding an emergency call, that he recklessly failed to follow the policies and procedures of Clay County or best police practices, that he recklessly chose to work on a traffic accident case rather than respond to a 9-1-1 call that came from a residence less than five minutes from the station, and that he acted with reckless disregard of the health and well-being of the decedent. Counts III and IV alleged that defendant Clay County was liable for Milner's willful and wanton misconduct based on a theory of *respondeat superior*.

¶ 6     On May 7, 2019, the defendants filed a combined motion to dismiss the complaint under section 2-619.1 of the Code. In support of their motion to dismiss pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2018)), the defendants argued that section 4-102 of the Tort Immunity Act (745 ILCS 10/4-102 (West 2018)) provided absolute immunity from liability for the acts and omissions alleged in the complaint, that section 4-102 immunity extended to both the failure to provide police services and the adequacy of those services, and that section 4-102 contained no exception for willful and wanton conduct. The defendants also moved to dismiss

---

[2]A survival action allows for the recovery of damages for the injuries and the conscious pain and suffering sustained by the deceased up to the time of death. See 755 ILCS 5/27-6 (West 2018). An action under the Wrongful Death Act allows for the recovery of damages for pecuniary losses, including loss of companionship, society, and consortium, suffered by the surviving spouse and next of kin. 740 ILCS 180/2 (West 2018).

3

counts III and IV of the complaint pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2018)), arguing that Clay County could not be held liable for the actions of Milner under a theory of *respondeat superior* because Milner was not an agent or employee of the county.

¶ 7        On June 20, 2019, the plaintiff filed a response in opposition to the defendants' motion to dismiss the complaint. The plaintiff argued that the limited liability provision in section 305 of the Domestic Violence Act, rather than the absolute immunity provision in section 4-102 of the Tort Immunity Act, applied in this case. The plaintiff asserted that, under the plain language of section 305, a law enforcement officer may be held liable for willful and wanton misconduct in rendering emergency assistance or otherwise enforcing the Domestic Violence Act. He argued that section 305 contained no requirement of subjective knowledge by law enforcement that a person was being, or had been, abused by a family or household member. The plaintiff also claimed that the complaint contained sufficient allegations to invoke application of the limited liability provision in section 305 of the Domestic Violence Act. The plaintiff argued that when presented with facts showing that an open-line 9-1-1 call was made from a landline and that the 9-1-1 operator received a busy signal upon calling back the landline, Milner should have reasonably concluded that the call involved a domestic situation, that the caller was in distress and unable to speak, and that an urgent response was necessary. The plaintiff did not address the defendants' contention that counts III and IV should be dismissed because Milner was not an agent or employee of Clay County.

¶ 8        The defendants filed their reply on July 10, 2019. Therein, the defendants noted that the plaintiff failed to allege any facts indicating that Milner or the Clay County Sheriff's Department knew or had reason to believe that the 9-1-1 call made from the decedent's landline involved domestic violence, and therefore, the duty to render assistance under the Domestic Violence Act was not implicated. The defendants argued that, under the plaintiff's interpretation of section 305,

4

a law enforcement officer or agency could be subjected to limited liability any time a 9-1-1 call was made and the call ultimately turned out to involve domestic violence, regardless of whether the law enforcement officer or agency had reason to believe that the call involved domestic violence.

¶ 9    The defendants' motion to dismiss was called for hearing on November 8, 2019. After considering the oral and written arguments of counsel, the circuit court granted the defendants' motion to dismiss under section 2-619 of the Code and dismissed the plaintiff's complaint with prejudice. This appeal followed.

¶ 10                                    II. ANALYSIS

¶ 11    On appeal, the plaintiff claims that he alleged sufficient facts to establish that defendant Milner committed an actionable breach of his duty under section 305 of the Domestic Violence Act (750 ILCS 60/305 (West 2018)), when he failed to respond to the 9-1-1 call and render emergency assistance to the decedent. The plaintiff further claims that in dismissing the complaint, the circuit court improperly concluded that the plaintiff could not establish the defendants' liability for willful and wanton conduct under section 305, in the absence of factual allegations indicating that defendants knew or had reason to believe that the decedent was a person being abused, neglected, or exploited by a family or household member.

¶ 12    In this case, the circuit court granted the defendants' motion to dismiss pursuant to 2-619(a)(9) of the Code. A motion to dismiss a complaint pursuant to section 2-619(a)(9) admits the legal sufficiency of the complaint and asserts that an affirmative matter or defense outside the complaint bars or defeats the clause of action. 735 ILCS 5/2-619(a)(9) (West 2018); *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 367 (2003). Immunity is an affirmative matter properly raised in a motion to dismiss under section 2-619(a)(9). *Van Meter*, 207 Ill. 2d at 367. A court's

5

decision to dismiss a complaint pursuant to section 2-619(a)(9) is reviewed *de novo*. *Van Meter*, 207 Ill. 2d at 368.

¶ 13 This case also presents a question of statutory interpretation. When interpreting a statute, the court's primary objective is to ascertain and give effect to the intent of the legislature. *Moore v. Green*, 219 Ill. 2d 470, 479 (2006); *Paris v. Feder*, 179 Ill. 2d 173, 177 (1997). The most reliable indicator of legislative intent is the language used in the statute, and that language must be given its plain, ordinary, and popular meaning. *Paris*, 179 Ill. 2d at 177. In interpreting a statute, a court will evaluate the statute as a whole, with each provision being construed in connection with every other provision. *Barnett v. Zion Park District*, 171 Ill. 2d 378, 388-89 (1996). A court will not depart from the plain language of the statute by reading into it exceptions, limitations, or conditions that conflict with the express legislative intent. *Barnett*, 171 Ill. 2d at 389. Questions of statutory construction are also reviewed *de novo*. *Paris*, 179 Ill. 2d at 177-78.

¶ 14 The Illinois Constitution of 1970 established that the immunity enjoyed by public entities and public employees applies only to the extent provided for by the General Assembly. Ill. Const. 1970, art. XIII, § 4. Accordingly, the legislature may both grant and limit the immunity of defendants. *Lacey v. Village of Palatine*, 232 Ill. 2d 349, 360 (2009). Under the Tort Immunity Act, a public entity or public employee is provided with absolute immunity for the failure to provide police protection services, failure to prevent the commission of a crime, failure to detect or solve a crime, or failure to make an arrest. 745 ILCS 10/4-102, 4-107 (West 2018). However, the legislature granted limited immunity to law enforcement officers acting in good faith in rendering emergency assistance or otherwise enforcing the Domestic Violence Act. 750 ILCS 60/305 (West 2018). Thus, in cases in which the Domestic Violence Act is implicated, the limited immunity in section 305 of the Domestic Violence Act applies over the absolute immunity in

6

sections 4-102 and 4-107 of the Tort Immunity Act. *Moore*, 219 Ill. 2d at 488-89; *Lacey*, 232 Ill. 2d at 360-61.

¶ 15    The Domestic Violence Act provides "a comprehensive statutory scheme for reform of the legal system's historically inadequate response to domestic violence." *Moore*, 219 Ill. 2d at 488-89. It begins with the directive that the Act "shall be liberally construed and applied to promote its underlying purposes." 750 ILCS 60/102 (West 2018). It then provides a statement of those underlying purposes, which include recognizing that domestic violence is a serious crime; supporting the efforts of victims of domestic violence to prevent further abuse; clarifying the responsibilities and supporting the efforts of law enforcement officers to provide immediate, effective assistance and protection for victims of domestic violence, recognizing that officers often become the secondary victims in domestic violence incidents; and expanding civil and criminal remedies for victims of domestic violence. 750 ILCS 60/102(1), (4), (5), (6) (West 2018). The Domestic Violence Act next identifies the persons protected and those include any person abused by a family or household member. 750 ILCS 60/201(a) (West 2018).

¶ 16    As part of the comprehensive statutory scheme, the Domestic Violence Act sets forth certain duties and responsibilities of law enforcement officers to effectively assist and protect victims of domestic violence. 750 ILCS 60/301 *et seq.* (West 2018). These responsibilities include establishing and implementing proper arrest policies, maintaining data, and preparing reports regarding incidents of domestic violence. See 750 ILCS 60/301.1, 302, 303 (West 2018).

¶ 17    Additionally, section 304 of the Domestic Violence Act delineates the responsibilities of law enforcement officers to assist victims of domestic violence. 750 ILCS 60/304 (West 2018). Section 304(a) provides that "[w]henever a law enforcement officer *has reason to believe* that a person has been abused, neglected, or exploited by a family or household member, the officer shall

7

immediately use all reasonable means to prevent further abuse, neglect, or exploitation," including arresting the abuser and transporting the victim to a medical facility for treatment or to a place of safety. (Emphasis added.) 750 ILCS 60/304(a) (West 2018).

¶ 18 Section 305 limits law enforcement liability to willful and wanton breaches of duty. 750 ILCS 60/305 (West 2018). Section 305 provides as follows:

"Any act of omission or commission by any law enforcement officer *acting in good faith* in rendering emergency assistance or otherwise enforcing this Act shall not impose civil liability upon the law enforcement officer or his or her supervisor or employer, *unless the act is a result of willful or wanton misconduct*." (Emphases added.) 750 ILCS 60/305 (West 2018).

The limited liability of law enforcement is a direct expression of the legislature's intent "to reconcile the strongly worded purposes of the Act—primarily the protection of and assistance to victims of abuse," while recognizing that law enforcement officers performing their legal duties "should not be held civilly liable when their efforts to enforce the Act fall short, *unless* the conduct in question can be viewed as willful or wanton." (Emphasis in original.) *Calloway v. Kinkelaar*, 168 Ill. 2d 312, 322 (1995).

¶ 19 Section 304 and section 305 of the Domestic Violence Act work in concert. *Moore*, 219 Ill. 2d at 489. Section 304 establishes an immediate duty to act when a law enforcement officer has reason to believe that a person has been abused by a family member. *Calloway*, 168 Ill. 2d at 323-24. Section 305 grants law enforcement officers immunity for acts or omissions that result from " 'good faith' " efforts in rendering emergency assistance. *Calloway*, 168 Ill. 2d at 322. However, a law enforcement officer is subject to liability when that officer has engaged in willful

and wanton conduct[3] in breach of a statutory duty to a victim of domestic violence. *Moore*, 219 Ill. 2d at 489. Accordingly, in construing the responsibilities and liabilities set forth in sections 304 and 305 together, and considering the intent and purposes of the legislation, we find that in order to invoke the protections of the Domestic Violence Act, including the liability provisions in section 305, the plaintiff must allege sufficient facts that, if proven, would establish that the law enforcement officer had some knowledge or reason to believe that the person in need of assistance was a victim of domestic violence within the meaning of the Domestic Violence Act.

¶ 20    In *Calloway*, our supreme court was called upon to consider whether the allegations in the plaintiff's complaint were adequate to state an actionable cause under the Domestic Violence Act. 168 Ill. 2d at 318. After finding that there was no cause of action for negligence under the Act, the supreme court determined that the express limitation on liability in section 305 did not apply if the act or omission alleged was a result of willful and wanton misconduct. *Calloway*, 168 Ill. 2d at 322. The supreme court found that potential liability was derived from the statutory duties expressed in section 304, which stated that law enforcement officers having reason to know of the abuse shall immediately use all reasonable means to prevent further abuse. *Calloway*, 168 Ill. 2d at 323-24. The court then recognized a cause of action for civil damages if the injured party can show "that he or she is a person in need of protection under the Act, the statutory law enforcement duties owed to him or her were breached by the willful and wanton acts or omissions of law enforcement officers, and such conduct proximately caused plaintiff's injuries." *Calloway*, 168 Ill. 2d at 324.

---

[3]Willful and wanton conduct indicates that an action was done with an "actual intention" to cause harm, or if not intentional, "with a conscious disregard or indifference" for the safety others. (Internal quotation marks omitted.) *Burke v. 12 Rothschild's Liquor Market, Inc.*, 148 Ill. 2d 429, 451 (1992); see also 745 ILCS 10/1-210 (West 2018).

¶ 21    Next, the supreme court considered the plaintiff's complaint and found that the complaint contained factual allegations indicating that the law enforcement officers knew that the plaintiff was a person in need of protection under the Act. *Calloway*, 168 Ill. 2d at 325. The plaintiff alleged that the officers were aware that she had obtained an order of protection against her husband. The plaintiff further alleged that she notified the law enforcement officers on the morning of the incident that her husband had a gun and was threatening her at her place of employment and the officers did nothing to enforce the order of protection or intervene after being informed of the husband's continuing abuse. *Calloway*, 168 Ill. 2d at 325. The supreme court determined the Domestic Violence Act imposed a duty upon the officers to promptly undertake all reasonable steps to assist the plaintiff, a person protected by the Act, when they learned of her husband's threatening conduct and ongoing violation of the order of protection. *Calloway*, 168 Ill. 2d at 326. Taking the well-pleaded allegations and reasonable inferences as true for purposes of the motion to dismiss, the supreme court concluded that the plaintiff sufficiently pleaded a claim for willful and wanton misconduct under the Act. *Calloway*, 168 Ill. 2d at 325-26.

¶ 22    In *Beyer v. City of Joliet*, 392 Ill. App. 3d 81, 83 (2009), the court was asked to consider whether the plaintiff's complaint adequately pleaded a willful and wanton failure to act on the part of the police under the Domestic Violence Act. There, the plaintiff alleged that the victim called the police several times to report that her husband was threatening her with physical harm and mentally abusing her by reminding her of the presence of guns in the house. The plaintiff further alleged that in the hours before the victim's death, three different police officers responded to her calls for help and each time left without engaging in any investigation or offering to either help decedent obtain an order of protection or take her to a place of safety. After reviewing the

10

complaint, the court concluded that the plaintiff pleaded sufficient facts that, if proven, would invoke the protections of the Domestic Violence Act. *Beyer*, 392 Ill. App. 3d at 86-87.

¶ 23    In *Sneed v. Howell*, 306 Ill. App. 3d 1149 (1999), the plaintiff alleged that the victim's ex-husband had repeatedly threatened her and that the victim had obtained an order of protection against him. The plaintiff further alleged that during the two-week period prior to the victim's death, the victim made repeated reports to the police that her ex-husband was stalking her and that he slashed her tires. There were also allegations indicating that the victim had reported that her ex-husband was watching her outside her workplace on the day before her death and that the police took no action to stop the repeated violations of the order of protection. *Sneed*, 306 Ill. App. 3d at 1152. Upon considering whether the allegations in the plaintiff's complaint fit within the responsibilities and liabilities of the Domestic Violence Act, this court found that the plaintiff had alleged sufficient facts that could result in a determination of willful and wanton conduct on the part of the police officers. *Sneed*, 306 Ill. App. 3d at 1159.

¶ 24    In determining whether the allegations in a complaint were adequate to invoke the limited liability provision in section 305, our courts have considered whether the plaintiff alleged facts indicating that the law enforcement officers had some information or reason to know that the person needed the protections of the Domestic Violence Act. See *Calloway*, 168 Ill. 2d at 325; *Beyer*, 392 Ill. App. 3d at 86-87; *Sneed*, 306 Ill. App. 3d at 1158-59. Our supreme court has made it clear that the Domestic Violence Act does not impose a general, open-ended duty to protect victims of domestic violence, regardless of whether the police have reason to know that their services may be required. See *Lacey*, 232 Ill. 2d at 365.

¶ 25    In this case, the plaintiff did not allege sufficient facts to show that defendant Milner or the Clay County Sheriff's Department knew, or had reason to believe, that the decedent's 9-1-1 call

11

involved domestic violence or that the decedent was a person in need of protection under the Domestic Violence Act. There are no allegations that Milner, or the sheriff's department, had been called to the decedent's residence on a prior occasion because of an incident involving domestic violence or a violation of an order of protection. The 9-1-1 call provided no indication or information as to the nature of the emergency, and the open-line call, by itself, did not provide reason to believe that it involved domestic violence under the facts of this case. After reviewing the allegations in the complaint, we conclude that the plaintiff did not plead sufficient facts that, if proven, would invoke the limited liability provision of the Domestic Violence Act.

¶ 26                                    III. CONCLUSION

¶ 27    In this case, the plaintiff failed to allege sufficient facts to invoke the protections of the Domestic Violence Act, and the circuit court did not err in dismissing the plaintiff's complaint with prejudice. Accordingly, the judgment is affirmed.

¶ 28    Affirmed.

**No. 5-19-0532**

| | |
|---|---|
| **Cite as:** | *Wendling v. Milner*, 2021 IL App (5th) 190532 |
| **Decision Under Review:** | Appeal from the Circuit Court of Clay County, No. 19-L-4; the Hon. Michael D. McHaney, Judge, presiding. |
| **Attorneys for Appellant:** | Jarrod P. Beasley, of Kuehn, Beasley & Young, P.C., of Belleville, for appellant. |
| **Attorneys for Appellee:** | Gerard W. Cook and Joyce A. Pollack, of O'Halloran Kosoff Geitner & Cook, LLC, of Northbrook, for appellees. |