SECOND DIVISION
March 31, 2008

No. 1-07-2190

| | | |
|---|---|---|
| GEORGE ROSARIO, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | Appeal from the |
| v. | ) | Circuit Court of |
| | ) | Cook County. |
| THE RETIREMENT BOARD OF THE POLICEMEN'S | ) | |
| ANNUITY AND BENEFIT FUND OF THE CITY OF | ) | |
| CHICAGO; ROBERT F. REUSCHE, President; | ) | |
| KENNETH A. HAUSER, Vice President; JOHN | ) | |
| GALLAGHER, JR., Executive Director; DANA R. | ) | |
| LEVENSON, STEVEN J. LUX, JUDITH C. RICE, | ) | Honorable |
| MICHAEL LAZZARO, JAMES P. MALONEY, and | ) | Peter J. Flynn, |
| STEVEN M. ROBBINS, Trustees, | ) | Judge Presiding. |
| | ) | |
| Defendants-Appellees. | ) | |

JUSTICE SOUTH delivered the opinion of the court:

This appeal arises from an order of the circuit court of Cook County denying plaintiff's motion for summary judgment and upholding defendant's decision to deny plaintiff's petition for credit for prior service under the Illinois Pension Code (Pension Code) (40 ILCS 5/1-101.1 *et seq.* (West 2006)).

The uncontested facts are as follows: On March 4, 1985, plaintiff, George Rosario, was appointed to the Chicago police department. Prior to his employment as a Chicago police officer, he was employed with the Cook County sheriff's police department as a police officer and a correctional officer with the Cook County department of corrections for a period of nine years from September 1, 1976, to March 10, 1985. On April 18, 2006, he filed a written request with

1-07-2190

the Retirement Board of the Policemen's Annuity and Benefit Fund City of Chicago (Board) to transfer his nine years of prior service with the Cook County sheriff's office to the Policemen's Annuity and Benefit Fund. The letter to the Board stated in pertinent part:

"Please be advised that I have been employed with the Chicago Police Department for 22 years and prior to that I was employed with the Cook county Sheriff's Department for 9 years. I have dedicated my career to law enforcement and I believe that I have been an exemplary police officer.

Therefore, I am requesting that the time I served with the Cook County Sheriff's Department be transferred to the Chicago Police Department. This will enable me to receive 75% of my pension as opposed to 55% with my current tenure."

In support of his request, plaintiff submitted a letter from the Board dated April 24, 1992, to another City of Chicago police officer who is not involved in this case. That other police officer referred to in the letter had also held the positions of Cook County sheriff's police officer and Cook County sheriff's correctional officer and, like plaintiff, filed a request to pay into the City of Chicago's annuity fund for the periods prior to his appointment with the city, which request was granted.

On June 29, 2006, plaintiff appeared before the Board with his supporting documentation. When asked why he was presenting the letter of the other police officer, plaintiff responded that the Board had made a favorable ruling in that case wherein that other police officer was similarly

- 2 -

1-07-2190

situated. In response, the presiding officer on behalf of the Board stated:

"[T]he Board hears all of these cases as an individual case. The Board, as you probably know, changes from time to time\over the years with elections, and the Board in reviewing the matters and in reviewing your matter makes its own decisions based upon what it believes the law is and how it interprets the law. So while it's informative, the information that you've given to us, it may or may not be binding insofar as the sitting board is concerned."

Plaintiff then brought to the Board's attention that it had granted these requests in at least two other instances, and referred to those officers by name. He then went on to say:

"I mean, there's a lot of other people that have done it. What I'm trying to do is not something new or obsolete. It's been done. I've known a bunch of people since '90 that have done it."

In response, the Board's counsel stated:

"Well, I'll tell you this. I don't know the names, but I know there have been some that haven't been approved also."

Plaintiff stated that he was "well aware" of those whose requests had not been approved. The Board's counsel then went on to state:

"So as I said before, the problem – well, it's not a problem. The situation is that new boards can read something and may not interpret it the same say a prior Board interprets it. That's just the

- 3 -

1-07-2190

way it is.

So it's really going to be a board decision, and they'll let

you know."

The Board then recessed into executive session, after which it conducted proceedings in an open session. Plaintiff's request was put to a vote with the result that four members voted in favor of denying it and four members voted in favor of granting it. Inasmuch as there was a tie, the request "died," and on September 26, 2006, the Board sent a letter by certified mail to plaintiff stating that after considering his testimony at the Board meeting and the documents he presented in support of his request, it was determined that such request was not "provided for in the Pension Code," and plaintiff's application for prior service credit was denied.

Plaintiff filed a three-count petition for administrative review in the circuit court of Cook County. Count I (waiver) alleged the Board had on a prior occasion ruled that an identical application by another applicant for credit from the Cook County sheriff's police department and Cook County department of corrections satisfied the requirements of the Pension Code, and that, therefore, the Board's decision to deny plaintiff's petition was barred by its prior waiver of the provisions of the Pension Code in the prior case. Count II (estoppel) alleged the Board was estopped from denying plaintiff's claim on the grounds that "it was not provided for in the Pension Code" because it had previously held in the earlier case that such a claim was provided for in the Pension Code. Count III (error of law and against manifest weight) alleged that the Board's decision was erroneous at law and contrary to the manifest weight of the evidence.

On April 27, 2007, plaintiff filed a motion for summary judgment on the grounds that the

1-07-2190

Board had waived any objection to his petition based upon its prior findings with the petition of the other officer. On August 2, 2007, the trial court denied the motion and upheld the Board's decision to deny the petition, stating:

"(A) That the Board was not barred by 'collateral estoppel' from finding that the petition for prior service credit was not provided for in the Pension Code.

(B) That the Board was not bound by principles of *stare decisis* that the petition for prior service credit was provided for in the Pension Code.

(C) That the Board was not 'clearly erroneous' when it determined that Plaintiff's request for prior service credit was not provided for in the Pension Code."

On appeal, plaintiff has raised the following issues for our review: (1) whether the Retirement Board's interpretation of the Pension Code was clearly erroneous, (2) and whether the principles of collateral estoppel bar the Board from ruling that plaintiff's other service was not included by the Pension Code where it had previously ruled in another factually similar case that such prior service was included.

In reviewing a final decision under the Administrative Review Law (735 ILCS 5/3-101 *et seq*. (West 2006)), this court reviews the administrative agency's decision and not the circuit court's determination. Armour Pharmaceutical Co. v. Department of Revenue, 315 Ill. App. 3d 1176, 1179 (2000). The Administrative Review Law provides that judicial review of an

- 5 -

1-07-2190

administrative agency decision shall extend to all questions of law and fact presented by the entire record before the court.  735 ILCS 5/3-110 (West 2006).  The standard of review that determines the degree of deference given to the agency's decision turns on whether the issue presented is a question of fact, a question of law, or a mixed question of law and fact.  Comprehensive Community Solutions, Inc. v. Rockford School District No. 205, 216 Ill. 2d 455, 471 (2005).  A mixed question of law and fact asks the legal effect of a given set of facts.  Comprehensive Community Solutions, 216 Ill. 2d at 472.  "That is, in resolving a mixed question of law and fact, a reviewing court must determine whether established facts satisfy applicable legal rules."  Comprehensive Community Solutions, 216 Ill. 2d at 472.  "An agency's conclusion on a mixed question of law and fact is reviewed for clear error."  Elementary School District 159 v. Schiller, 221 Ill. 2d 130, 143 (2006).  "Such review is significantly deferential to an agency's experience in construing and applying the statutes that it administers."  Elementary School District 159, 221 Ill. 2d at 143.  "Thus, 'when the decision of an administrative agency presents a mixed question of law and fact, the agency decision will be deemed "clearly erroneous" only where the reviewing court, on the entire record, is "left with the definite and firm conviction that a mistake has been committed." ' "  Comprehensive Community Solutions, 216 Ill. 2d at 472, quoting AFM Messenger Service, Inc. v. Department of Employment Security, 198 Ill. 2d 380, 395 (2001).  Both sides agree that this case involves a mixed question of law and fact and that, therefore, the clearly erroneous standard of review should apply.

The applicable statute is section 5-214 of the Pension Code, which states in pertinent part:

"Credit for other service.  Any participant in this fund (other

- 6 -

1-07-2190

than a member of the fire department of the city) who has rendered service as a member of the police department of the city for a period of 3 years or more is entitled to credit for the various purposes of this Article for service rendered prior to becoming a member or subsequent thereto for the following periods:

(a) While on leave of absence from the police department assigned or detailed to investigative, protective, security or police work for the park district of the city, the department of the Port of Chicago or the sanitary district in which the city is located.

\*\*\*

(c) *While performing safety or investigative work for the county in which such city is principally located or for the State of Illinois or for the federal government, on leave of absence from the department of police*, or while performing investigative work for the department as a civilian employee of the department.

\* \* \*

Concurrently with such contributions, the city shall

contribute the amounts provided by this Article. No credit shall be allowed for any period of time for which contributions by the policeman have not been paid. The period of service rendered by such policeman *prior to the date he became a member of the police department of the city* or while detailed, assigned or on leave of absence and employed in any of the departments set forth hereinabove in this Section for which such policeman has contributed to this fund *shall be credited to him as service for all the purposes of this Article* \*\*\*." (Emphasis added.) 40 ILCS 5/5-214 (West 2006).

Plaintiff maintains that under subparagraph (c) the intended beneficiaries fall into two categories, to wit, those persons working for the county and those persons working for the state "while on leave of absence" from the city police department. In other words, plaintiff argues that the phrase "on leave of absence from the department of police" refers only to those persons who perform safety or investigative work for the State of Illinois or the federal government. In support of his position, plaintiff cites the third sentence of the third paragraph of section 5-214, which refers to "[t]he period of service rendered by such policeman prior to the date he became a member of the department of the city." That paragraph mandates that the period of service rendered by such policeman prior to the date he became a member of the department "shall be credited to him as service for all purposes of this Article."

The Board responds that the disputed language refers only to those persons who are on

leave of absence from the department of police and not to those individuals who held safety or investigative positions for the county prior to the date they became members of the department.

Our reading of the statute differs from that of the Board. While it could be argued that subparagraph (c) is ambiguous and can be read according to either the plaintiff's interpretation or the Board's, such ambiguity is dispelled, we believe, by the next to the last paragraph of section 5-214, which appears to draw a distinction between those police officers who have rendered service prior to the time they became employed as policemen with the city police department and those who are either "detailed, assigned, or on leave of absence" from the State of Illinois or the federal government. In other words, we read the phrase "on leave of absence from the department of police" as modifying "the State of Illinois" or "the federal government," and that the period of service rendered by any other policemen, such as plaintiff, who have contributed to the retirement fund shall be credited to him or her as service for the purposes of the Pension Code.

Therefore, we hold that the clear language of the statute mandates that plaintiff is entitled to credit for the service he rendered as a Cook County sheriff's police officer and correctional officer for the Cook County department of corrections prior to his employment with the city department of police. Based upon our decision, we need not address plaintiff's second issue.

Accordingly, the judgment of the circuit court is reversed, and the matter is remanded for further proceedings consistent with this ruling.

Reversed and remanded.

HALL and KARNEZIS, JJ., concur.