# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*Lawrence v. Williams*, 2013 IL App (1st) 130757

---

| | |
|---|---|
| Appellate Court Caption | BERNADETTE LAWRENCE, Objector-Appellant, Cross-Appellee, v. KENNETH WILLIAMS, JUDITH GIBBS, and ANNETTE ODNEAL; EDUCATIONAL OFFICERS ELECTORAL BOARD OF THORNTON TOWNSHIP HIGH SCHOOL DISTRICT 205, its Members BURT ODELSON, ROBERT K. BUSH, and PAMELA McLEAN MEYERSON; ROSE PAPALEO; and DAVID ORR, Cook County Clerk, Respondents-Appellees, Cross-Appellants. |
| District & No. | First District, Third Division<br>Docket No. 1-13-0757 |
| Filed | April 9, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | An appeal from a trial court's reversal of respondent electoral board's disqualification of three candidates in a school board election because their nomination papers were not securely bound as required by the Election Code was dismissed for lack of jurisdiction, since the electoral board violated the Open Meetings Act by issuing its decisions disqualifying the candidates at a meeting which lacked a quorum and copies of the board's decision were presented at a subsequent proceeding that lacked a quorum; therefore, in the absence of a final decision, neither the trial court nor the appellate court had any jurisdiction. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 13-COEL-39; the Hon. Maureen Ward-Kirby, Judge, presiding. |
| Judgment | Dismissed. |

Counsel on Appeal

Christopher J. Agrella, of Barrington, for appellant.

Andrew Finko, of Andrew Finko, P.C., of Chicago, for appellees.

Panel

JUSTICE HYMAN delivered the opinion of the court, with opinion.
Presiding Justice Neville and Justice Sterba concurred in the judgment and opinion.

## OPINION

¶ 1     For the students of Thornton Township High School, this opinion makes possible a little civics lesson. But for the Educational Officers Electoral Board of Thornton Township High School District 205 (electoral board) and other electoral boards, it reveals something else–the ramifications of ignoring the interaction between the Illinois Election Code and the Illinois Open Meetings Act.

¶ 2     The appeal arises from an order of the circuit court reversing decisions by the electoral board disqualifying three candidates from the April 9, 2013, consolidated election ballot. Bernadette Lawrence, in her objections, contended the candidates' nomination papers were not securely bound as required by section 10-4 of the Illinois Election Code (10 ILCS 5/10-4 (West 2010)). The electoral board sustained the objections. The affected candidates, having been removed from the ballot, filed a petition for judicial review under section 10-10.1 of the Election Code (10 ILCS 5/10-10.1 (West 2010)). The circuit court granted the petition, reversed the electoral board, and ordered the candidates' names placed on the ballot. Lawrence appealed, contending the electoral board's findings were not against the manifest weight of the evidence. But, due to the electoral board's failure to abide by the provisions of the Illinois Open Meetings Act (5 ILCS 120/1 *et seq.* (West 2010)), we dismiss for lack of jurisdiction.

¶ 3                             I. Background

¶ 4     Kenneth Williams, Judith Gibbs, and Annette Odneal are candidates for positions on the Thornton Township High School District 205 Board of Education in the April 9, 2013 election. On January 3, 2013, Lawrence filed objections alleging the three candidates' nomination papers were not securely bound as required by section 10-4 of the Election Code. 10 ILCS 5/10-4 (West 2008). The electoral board, which consisted of three public members, Burt Odelson, Pamela Meyerson, and Robert Bush, initially met on January 12, 2013, to

adopt procedural rules. A hearing on Lawrence's objections was held on January 28, 2013.[1] Rose Papaleo, an administrative assistant to the superintendent and recording secretary of Thornton Township High School District 205, testified that on December 17, 2012, Kenneth Williams submitted nomination papers for the three candidates and none of the papers were bound. Papaleo described the procedure she follows when receiving nomination papers, stating she stamps them and provides a receipt to the submitting party. She then removes any binding, scans the papers, rebinds them, and places them in a separate folder to be filed with other nomination papers. Papaleo found no marks or indication of binding on the candidates' nomination papers and she did not alter the papers in any way. Lori Koditek, an administrative assistant for District 205, testified she was present when Williams filed the candidates' nomination papers and concurred with Papaleo that they were not bound.

¶ 5 Each candidate's nomination papers were about 15 to 16 pages long. Kenneth Williams testified that 5 to 10 minutes before filing the nomination papers, he secured them with a black binder clip and saw Papaleo remove the binder clip to stamp the papers.

¶ 6 Several exhibits were admitted into evidence. The objector submitted the candidates' nomination papers in an unbound condition. The candidates submitted a copy of the nomination papers bound with a black binder clip and an affidavit with three photographs taken before filing of the nomination papers with the black binder clip.

¶ 7 On January 28, the electoral board voted unanimously to sustain Lawrence's objections and declared the three candidates' nomination papers invalid. The board's decisions were announced orally in an open proceeding. The electoral board said it deemed Papaleo and Koditek to be credible witnesses and found the candidates failed to provide sufficient evidence or documentation to rebut their testimony that the nomination papers were not properly bound when submitted. The electoral board then ordered the candidates' names not be printed on the April 9, 2013, ballot.

¶ 8 The electoral board reconvened on February 1, 2013. Electoral board member Pamela Meyerson took roll call and noted two members of the three-member board, Burt Odelson and Robert Bush, were not present. Meyerson said Odelson and Bush had signed written copies of the decisions made during the January 28 hearing. Meyerson then added her signature to the decisions and recessed the meeting.

¶ 9 On February 6, 2013, the candidates filed a petition for judicial review in the circuit court under section 10-10.1 of the Election Code (10 ILCS 5/10-10.1 (West 2010)). The candidates argued: (1) a default judgment should be entered because Lawrence failed to file an appearance in the circuit court; (2) the electoral board's attorneys should be disqualified because they represent the school board, and Kenneth Williams, the school board president, is a party in this case; and (3) the electoral board failed to comply with the requirements of the Illinois Open Meetings Act (5 ILCS 120/1 *et seq.* (West 2010)) and section 10-10 of the Election Code (10 ILCS 5/10-10 (West 2010)).

¶ 10 The candidates' petition for judicial review was initially assigned to Judge Robert

---

[1]The hearing also addressed objections filed by Kevin Griffin against all three candidates, however, those objections are not raised in this appeal.

Bertucci, who transferred the case to Judge Edmund Ponce de Leon. On February 14, 2013, Judge Ponce de Leon ordered the electoral board to file a record of proceedings by February 19, 2013. On February 20, 2013, the electoral board filed a record of proceedings, which lawyers for the board acknowledged only included a transcript of the proceedings held on January 28, 2013, not the proceedings held by the electoral board on January 12, 2013, and February 1, 2013, or exhibits that were part of the record.

¶ 11　The candidates filed a motion for substitution of judge on February 14, 2013. Judge Ponce de Leon initially denied the motion but reconsidered and granted it, vacating all orders he entered, and transferring the case to Judge Maureen Ward-Kirby. During a hearing on March 12, 2013, Judge Ward-Kirby told the parties she did not have a complete record of the proceedings and ordered the electoral board to file one by 4 p.m. that day. An attorney for the electoral board agreed on the record to meet the deadline. Judge Ward-Kirby reconvened a hearing the next day and noted the electoral board had not filed a complete record of proceedings with the clerk of the court by the 4 p.m. deadline. Attorneys for the electoral board stated they delivered a courtesy copy of the record of proceedings to the judge's chambers late on March 12 and filed one with the clerk of the court on the morning of March 13. The electoral board's attorney acknowledged that the record filed with the clerk still omitted some exhibits from the hearing. Judge Ward-Kirby said she did not receive the courtesy copy of the record of proceedings and reminded the attorneys her order required them to file it with the clerk of the court by 4 p.m. the day before.

¶ 12　The circuit court then heard argument and reversed the electoral board's decisions. The court denied the candidates' motion for a default judgment and their motion to disqualify the electoral board's attorneys. The court concluded, however, the electoral board violated the Open Meetings Act (Act) (5 ILCS 120/1 *et seq.* (West 2010)), by failing to vote on the written decisions in a public meeting. The court said this violation alone would not be enough to reverse, but found the electoral board also neglected to timely file a complete record of proceedings with the court. Judge Ward-Kirby acknowledged that on administrative review she does not reweigh the evidence, but stated she "[has] to make sure there is competent evidence in the record to support their decision," and she could not do so because of the incomplete record. The court found the "cumulative effect" of the errors by the electoral board warranted reversal and ordered the candidates' names placed on the April 9, 2013, ballot.

¶ 13　Lawrence appealed, asking this court to affirm the electoral board on the grounds that its findings were not against the manifest weight of the evidence. The candidates filed a motion to dismiss and a cross-appeal arguing: (1) the trial court correctly reversed the electoral board's decisions because they were not supported by the record of proceedings; (2) Lawrence had no standing to appeal the trial court's decision because she did not file an appearance in the circuit court; (3) the electoral board failed to issue final decisions on the objections because the board failed to comply with the requirements of the Open Meetings Act; (4) the electoral board's findings of fact should be reviewed *de novo* instead of under a manifest weight of the evidence review because the board's decisions were not issued by a majority of its members under the Open Meetings Act; and (5) the trial court erred in denying their motion to disqualify the electoral board's attorneys.

-4-

¶ 14                                 II. Analysis

¶ 15                             Standard of Review

¶ 16    When an electoral board's decision has been reviewed by the circuit court, the appellate court reviews the decision of the board, not the court. *Lockhart v. Cook County Officers Electoral Board*, 328 Ill. App. 3d 838, 841 (2002). The board's findings of fact are deemed *prima facie* true and correct and will not be overturned unless they are against the manifest weight of the evidence; its findings of law are not binding on this court and will be reviewed *de novo. Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 210 (2008). Because we resolve the appeal on the basis of a violation of procedural due process rights, a legal question, we apply a *de novo* standard of review. *Girot v. Keith*, 212 Ill. 2d 372, 379 (2004).


¶ 17                             Open Meetings Act

¶ 18    Illinois courts do not have general jurisdiction over election cases, but may only review them as provided by statute, namely, sections 10-10 and 10-10.1 of the Election Code. *Rivera v. City of Chicago Electoral Board*, 2011 IL App (1st) 110283, ¶ 20. "[T]he requirements mandated upon the parties as provided in these sections are jurisdictional requirements that must be followed." *Id*. See also *Hough v. Will County Board of Elections*, 338 Ill. App. 3d 1092, 1094 (2003) ("[f]ailure of a party to comply with any of the *** requirements when appealing an electoral board decision invites dismissal via section 2-619 (735 ILCS 5/2-619 (West 1996)), for lack of subject matter jurisdiction" (internal quotation marks omitted)).

¶ 19    The candidates filed a motion to dismiss asserting Lawrence lacks standing to appeal since she did not participate in the trial court proceedings and did not raise or preserve any issues for appeal. The candidates also filed a cross-appeal contending the electoral board never issued final decisions on the objections because it did not follow the requirements of the Open Meetings Act (5 ILCS 120/1 *et seq.* (West 2010)) or section 10-10 of the Election Code (10 ILCS 5/10-10 (West 2010)). Specifically, the candidates contend section 2.01 of the Act states "[a] quorum of members of a public body must be physically present at the location of an open meeting." 5 ILCS 120/2.01 (West 2008). Both parties concede only one electoral board member, Pamela Meyerson, was present when the board reconvened on February 1, 2013, to issue its written decisions. During oral argument, the objector's attorney contended the electoral board satisfied the requirements of the Act by announcing its decisions in an open meeting on January 28 and then issuing its decisions in an open meeting on February 1. We disagree.

¶ 20    The purpose of the Open Meetings Act is to ensure that deliberations and actions of public bodies be conducted in an open and public session. 5 ILCS 120/1 (West 2010); *Gerwin v. Livingston County Board*, 345 Ill. App. 3d 352, 359 (2003). Section 2 of the Act requires that, with some exceptions, "[a]ll meetings of public bodies shall be open to the public." 5 ILCS 120/2 (West 2010). Section 2.01 of the Act provides "[a] quorum of members of a public body must be physically present at the location of an open meeting." 5 ILCS 120/2.01 (West 2010).

¶ 21    Between January 28 and February 1, two of the three electoral board members signed the

-5-

written decisions. Contrary to section 2.01 of the Act, when the electoral board met on February 1, a quorum of members was not present to issue its written decisions, as the parties agree only one board member was present. Hence, the procedure used by the electoral board for signing the written decisions violated the provisions of the Open Meetings Act, as did the issuance of those decisions. Further, section 2(e) of the Act provides "[n]o final action may be taken at a closed meeting." 5 ILCS 120/2(e) (West 2008). Issuing the signed written decisions was the "final action" by the electoral board and had to occur in an open meeting with a quorum present. The vote at the January 28 meeting coupled with the two signatures on the written decisions obtained before the board's attempt to reconvene a quorum does not suffice. Other districts of the appellate court have held that the failure to meet the provisions of the Open Meetings Act, without more, does not necessarily render an electoral board's proceedings null and void (see *Powell v. East St. Louis Electoral Board*, 337 Ill. App. 3d 334, 338-39 (2003)). But, where the purpose of the Act is undermined by noncompliance with its provisions, an electoral board's actions will not be upheld.

¶ 22    The electoral board made another misstep by failing to comply with the requirements of section 10-10 of the Election Code. Section 10-10 provides, in part, "[t]he electoral board must state its findings in writing and must state in writing which objections, if any, it has sustained. A copy of the decision shall be served upon the parties to the proceedings in open proceedings before the electoral board." 10 ILCS 5/10-10 (West 2010). Here, written copies of the electoral board's decisions sustaining Lawrence's objections to the candidate's nomination papers were presented in a proceeding on February 1; however, that proceeding was not "before the electoral board" since only one member, rather than a quorum of the board, was present.

¶ 23    Due to these violations of the Open Meetings Act and the Election Code, no final decision on Lawrence's objections to the candidates' nomination papers was issued by the electoral board. In the absence of final decisions by the electoral board, the circuit court lacked jurisdiction to review the board's actions. Since the circuit court did not have jurisdiction, we likewise are without jurisdiction.

¶ 24                                    Record of Proceedings

¶ 25    We also address the electoral board's failure to file a complete record of proceedings in the circuit court. Section 10-10.1 of the Election Code provides, in part, when a candidate or objector seeks judicial review of a decision by the electoral board, "the electoral board shall cause the record of proceedings before the electoral board to be filed with the clerk of the court on or before the date of the hearing on the petition or as ordered by the court." 10 ILCS 5/10-10.1 (West 2010).

¶ 26    In reversing the electoral board, Judge Ward-Kirby noted she never received a complete copy of the record of proceedings before the electoral board. The electoral board claims to have filed an incomplete record on February 20, 2013, one day after the deadline set by Judge Ponce de Leon. After the case was transferred to Judge Ward-Kirby on March 12, 2013, she ordered the electoral board to file a complete record of proceedings by 4 p.m. that day, but the board failed to meet that deadline, filing a record the following morning that was still missing some of the exhibits that were presented to the board. At the time Judge Ward-Kirby

reconvened a hearing on the morning of March 13 to make a decision on the candidates' petition, the complete record had not been received. Consequently, the trial court could not have considered all of the evidence presented to the electoral board.

¶ 27 As noted above, the requirements of the Election Code are jurisdictional and must be followed. *Rivera v. City of Chicago Electoral Board*, 2011 IL App (1st) 110283, ¶ 20. Although a circuit court applies a manifest weight of the evidence standard of review to an electoral board's findings of fact, as Judge Ward-Kirby noted, in the absence of a complete record, a trial judge is unable to determine whether the evidence supports the electoral board's decision. By failing to timely file the complete record of proceedings with the clerk of the court, the electoral board failed to satisfy an essential requirement of section 10-10.1 of the Election Code. This omission alone resulted in a failure of jurisdiction in the circuit court and, consequently, in this court.

¶ 28 The electoral board's violation of section 10-10.1, especially considering the lapse of more time than usual to file a complete record, is curious. Trial courts should be vigilant in appropriately dealing with electoral boards that neglect this statutory duty because of the potential disastrous effect it can have on the appeal rights of third parties.

¶ 29 Finally, a comment on that "little civics lesson" mentioned in the opening paragraph. This case exemplifies the importance of transparency in government. Taken together, the Open Meetings Act and the Election Code require official action and the deliberations involving candidacies be open to public view. In a democracy like ours, in which the integrity of the election process is sacrosanct, nothing less is acceptable.

¶ 30 Dismissed.