# Illinois Official Reports

## Appellate Court

*Taiym v. Retirement Board of the Policemen's Annuity & Benefit Fund*,
2014 IL App (1st) 123769

| | |
|---|---|
| Appellate Court Caption | DANIAL F. TAIYM, Plaintiff-Appellant, v. THE RETIREMENT BOARD OF THE POLICEMEN'S ANNUITY AND BENEFIT FUND OF CITY OF CHICAGO, Defendant-Appellee. |
| District & No. | First District, First Division<br>Docket No. 1-12-3769 |
| Filed<br>Rehearing denied | April 28, 2014<br>May 22, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The Retirement Board of the Policemen's Annuity & Benefit Fund properly found that plaintiff was not entitled to pension credit for his prior employment as a watchman and laborer for the streets and sanitation department of the city where he eventually worked as a policeman, notwithstanding plaintiff's contention that his duties as a watchman and laborer constituted safety work, since section 5-214 of the Illinois Pension Code only provides a pension credit for prior safety or investigative work performed for a county, state or federal government, and in view of the facts that plaintiff's prior work was with the city that employed him as a police officer, the Board's finding that plaintiff was not entitled to pension credit for his prior work for the city was not clearly erroneous. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-CH-44017; the Hon. Mary Lane Mikva, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Law Offices of Edward A. Cohen & Associates, P.C., of Palos Hills Edward Cohen and Michael Abel, of counsel), for appellant. |
|---|---|
| | Retirement Board of the Policemen's Annuity and Benefit Fund of City of Chicago, of Chicago (David R. Kugler, of counsel), for appellee. |
| Panel | JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion. Presiding Justice Connors concurred in the judgment and opinion. Justice Delort specially concurred, with opinion. |

## OPINION

¶ 1    This appeal arises from a November 28, 2012 order entered by the circuit court of Cook County which affirmed the decision of defendant-appellee the Retirement Board of the Policemen's Annuity and Benefit Fund of City of Chicago (Retirement Board) to deny the petition of plaintiff-appellant Danial F. Taiym (Taiym) to receive pension credit for previous employment. On appeal, Taiym argues that: (1) the Retirement Board erred when it found that Taiym did not qualify for pension credit under section 5-214(c) of the Illinois Pension Code (Pension Code) (40 ILCS 5/5-214(c) (West 2010)); and (2) the Retirement Board erred when it found that Taiym was not a temporary police officer pursuant to section 5-214(b) of the Pension Code (40 ILCS 5/5-214(b) (West 2010)). For the following reasons, we affirm the judgment of the circuit court of Cook County.

¶ 2                                    BACKGROUND

¶ 3    On July 13, 2010, Taiym filed a petition with the Retirement Board to receive pension credit for other service and from other prior employment (the petition). As of the date of the petition, Taiym had been a police officer for the Chicago police department since April 30, 2001. In the petition, Taiym requested that he be allowed to contribute and obtain police pension service credit for his employment prior to becoming a police officer. Attached to the petition were documents from the City of Chicago (the City) which verified Taiym's employment history with the City. The documents established that from April 18, 1988 to August 15, 1990, Taiym was employed as a watchman for the Chicago department of streets and sanitation. Taiym described his duties while employed as a watchman as follows: "protecting and maintaining the security and safety in and around city buildings and surrounding grounds; patrolling corridors, grounds in order to protect premises from unauthorized entry, crime, vandalism, fire, and other safety hazards." From August 16, 1990 to June 30, 1991, Taiym was employed as a laborer for the department of streets and sanitation. Taiym described his duties while employed as a laborer in the department of streets and

sanitation as follows: "[a]ssists tradesmen in the layout and painting of street markings; set barricades to control the flow of traffic on the city street. Applies chalk lines to streets; or remove pavement markings; ensures that proper tools and equipment are at hand and in good working order." From July 1, 1991 to April 29, 2001, Taiym was employed as a laborer for the bureau of electricity in the Chicago department of streets and sanitation, construction safety. Taiym described his duties while employed as a laborer for the bureau of electricity as follows:

> "Inspect work area and construction sites to ensure working conditions are in compliance with occupational safety and health administration (OSHA) standards and municipal and state safety regulations. Implement safe working practices including the use of protective gear such as helmets, steel tipped shoes, safety glasses and gloves, [*sic*]. Ensure that safety precautions, such as sufficient lighting, warning signs and barricades are posted near construction or hazardous sites. Conducted employee training session on safety practices and arranges for product manufacturers to train employees on the proper use of safety equipment and gear."

¶ 4 On October 12, 2010, Taiym sent a letter to the Retirement Board which described in greater detail his duties while employed as a laborer in the department of streets and sanitation, in order to show that he was performing "safety work" prior to becoming a police officer pursuant to section 5-214 of the Pension Code. On October 26, 2011, the Retirement Board held a hearing on Taiym's petition requesting pension credit for the years in which he was employed by a City of Chicago agency and performed safety duties within the meaning of the statute. The statute at issue in the hearing was section 5-214 of the Pension Code, which states in pertinent part, as follows:

> "§ 5-214. Credit for other service. Any participant in this fund (other than a member of the fire department of the city) who has rendered service as a member of the police department of the city for a period of 3 years or more is entitled to credit for the various purposes of this Article for service rendered prior to becoming a member or subsequent thereto for the following periods:
> ***
> (b) As a temporary police officer in the city ***.
> (c) While performing safety or investigative work for the county in which such city is principally located or for the State of Illinois or for the federal government, on leave of absence from the department of police, or while performing investigative work for the department as a civilian employee of the department.
> * * *
> *** The period of service rendered by such policeman prior to the date he became a member of the police department of the city or while detailed, assigned or on leave of absence and employed in any of the departments set forth hereinabove in this Section for which such policeman has contributed to this fund shall be credited to him as service for all the purposes of this Article ***." 40 ILCS 5/5-214 (West 2010).

¶ 5 At the hearing, Taiym and his counsel appeared on his behalf. The facts in Taiym's petition and letter were reiterated. Taiym argued that he was entitled to pension credit under section 5-214(c) of the Pension Code because his employment positions prior to becoming a police officer all involved "safety work." The Retirement Board stated that even if it accepted that Taiym's previous employment constituted safety work, Taiym would still not

qualify under section 5-214(c) because he was not on a leave of absence from the police department during his previous employment. In response, Taiym argued that in his interpretation, there are five situations in which an officer could receive pension credit for prior employment: (1) performing safety or investigative work for the county in which the city is principally located; (2) performing safety or investigative work for the State of Illinois; (3) performing safety or investigative work for the federal government; (4) performing safety or investigative work while on a leave of absence from the police department; or (5) performing investigative work for the department as a civilian employee of the department. The Retirement Board stated that its interpretation of safety work did not align with the duties of Taiym's employment as a watchman and a laborer. Further, the Retirement Board stated that in order to qualify for pension credit under section 5-214(c) a petitioner must have been on a leave of absence from the police department during his prior employment. The Retirement Board then voted to deny Taiym's petition.

¶ 6    Also on October 26, 2011, the Retirement Board issued a written order denying Taiym's petition. In the order, the Retirement Board found that Taiym did not qualify for pension credit under section 5-214(b) of the Pension Code because he was not a temporary police officer during his prior employment. Further, the Retirement Board found that Taiym did not qualify for pension credit under section 5-214(c) of the Pension Code because he did not show that his prior employment duties were safety or investigative; and even if his prior duties were safety or investigative, his prior employment was not performed while on a leave of absence from the police department.

¶ 7    On December 27, 2011, Taiym filed a complaint for administrative review in the circuit court of Cook County. On August 13, 2012, Taiym filed a brief in support of his complaint for administrative review. On September 17, 2012, the Retirement Board filed a memorandum in support of its answer to Taiym's complaint. On October 3, 2012, Taiym filed a reply to the Retirement Board's memorandum. On November 28, 2012, the trial court heard oral arguments on Taiym's complaint for administrative review. The trial court held that the Retirement Board's findings that (1) Taiym was not a temporary police officer pursuant to section 5-214(b) of the Pension Code and (2) Taiym was not on a leave of absence from the police department pursuant to section 5-214(c) of the Pension Code were not clearly erroneous. Thus, the trial court affirmed the Retirement Board's decision and denied Taiym's petition for administrative review. On December 20, 2012, Taiym filed a timely notice of appeal. Therefore, this court has jurisdiction to consider Taiym's arguments on appeal pursuant to Illinois Supreme Court Rule 303 (eff. May 30, 2008).

¶ 8                                    ANALYSIS

¶ 9    On appeal, we determine whether the Retirement Board erred in finding that Taiym did not qualify for pension credit under section 5-214(c) of the Pension Code for his prior employment as a watchman and a laborer for the City of Chicago department of streets and sanitation.

¶ 10   Taiym argues that the Retirement Board erred in finding that he did not qualify for pension credit under section 5-214(c) of the Pension Code because his prior employment duties constituted safety work. Taiym points out that in Illinois, pension statutes must be liberally construed in favor of the beneficiaries of the statute. Taiym notes that the term "safety" is not defined in section 5-214(c) of the Pension Code and he argues that the

dictionary definition of the word should apply. Taiym asserts that "safety" is defined as "the condition of being safe from undergoing or causing hurt, injury, or loss." Taiym contends that based on that definition, it is abundantly clear that his previous employment duties qualified as "safety work."

¶ 11 Further, Taiym argues that, contrary to the Retirement Board's interpretation, section 5-214(c) of the Pension Code does not require a petitioner to have been on a leave of absence from the police department during his prior employment in order to qualify for pension credit. Taiym contends that under his interpretation of the Pension Code, there are five bases by which a petitioner can qualify for pension credit under section 5-214(c): (1) performing safety or investigative work for the county in which the city is principally located; (2) performing safety or investigative work for the State of Illinois; (3) performing safety or investigative work for the federal government; (4) performing safety or investigative work while on a leave of absence from the police department; or (5) performing investigative work for the department as a civilian employee of the department. Taiym notes that in *Rosario v. Retirement Board of the Policemen's Annuity & Benefit Fund*, 381 Ill. App. 3d 776 (2008), this court has previously addressed the issue of the effect of the phrase "on leave of absence from the department of police" in section 5-214(c). Taiym urges this court to reassess its decision in *Rosario* and adopt his interpretation of section 5-214(c). Thus, Taiym argues that the Retirement Board erred in finding that he did not qualify for pension credit under section 5-214(c) of the Pension Code.

¶ 12 In response, the Retirement Board argues that it did not err in finding that Taiym did not qualify for pension credit under section 5-214(c) of the Pension Code because Taiym's prior employment duties did not constitute safety or investigative work. The Retirement Board asserts that Taiym's employment duties as a watchman and laborer did not constitute safety or investigative work because any tasks that had to do with safety or investigation were sporadic and incidental to his main job of working on the streets. Also, the Retirement Board argues that Taiym did not qualify for pension credit under section 5-214(c) because during his prior employment, Taiym was employed by the City. The Retirement Board claims that section 5-214(c) only affords pension credit to those police officers who were employed by the *county, state, or federal government*. Further, the Retirement Board points out that under the *Rosario* court's interpretation, if a petitioner was working for the State of Illinois or the federal government during his prior employment, then he is required to have been on a leave of absence from the police department in order to qualify for pension credit. *Rosario*, 381 Ill. App. 3d at 781-82. The Retirement Board asserts that if this court considers Taiym to have been an employee of the state during his prior employment, then he does not qualify for pension credit because it is clear that Taiym was never on a leave of absence from the police department. Thus, the Retirement Board argues that it did not err in finding that Taiym did not qualify for pension credit under section 5-214(c) of the Pension Code.

¶ 13 When this court reviews a final decision under the Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2010)), it reviews the decision of the administrative agency and not the circuit court's determination. *Rosario*, 381 Ill. App. 3d at 779-80. The standard of review that this court applies depends on whether the issue presented is a question of law, fact, or a mixed question of law and fact. *Id.* at 780. "A mixed question of law and fact asks the legal effect of a given set of facts." *Id.* This court reviews an agency's decision on a mixed question of law and fact under the clear error standard of review. *Id.* Clear error

review is significantly deferential to an agency's familiarity with construing and applying the statutes that it administers. *Id*. An agency's decision on a mixed question of law and fact is considered clearly erroneous only where the reviewing court is left with the definite and firm conviction that a mistake has been made. *Id*. In the instant case, we are presented with a mixed question of law and fact. Therefore, we apply the clear error standard to the Retirement Board's decision that Taiym did not qualify for pension credit under section 5-214(c) of the Pension Code.

¶ 14 In interpreting a statute, this court must ascertain and give effect to the true intent of the legislature. *Paris v. Feder*, 179 Ill. 2d 173, 177 (1997). "The best evidence of legislative intent is the language used in the statute itself, which must be given its plain and ordinary meaning." *Id*. If a word or phrase within a statute is undefined, it is appropriate to employ a dictionary to ascertain the meaning of the undefined word or phrase. *Collins v. Retirement Board of the Policemen's Annuity & Benefit Fund*, 407 Ill. App. 3d 979, 984-85 (2011). "The language of pension statutes must *** be liberally construed in favor of the rights of the pensioner." *Shields v. Judges' Retirement System of Illinois*, 204 Ill. 2d 488, 494 (2003).

¶ 15 We disagree with Taiym's arguments. The dispositive issue in this case is whether Taiym performed safety or investigative work for the *county, state, or federal government* prior to being employed as a police officer. Although Taiym was employed by the City prior to becoming a police officer, this does not constitute performing safety or investigative work for the county, state or federal government. The legislature had an opportunity to include "the city" in section 5-214(c) of the Pension Code, which describes the units of government by which an applicant must be employed in order to qualify for pension credit. Taiym's arguments treat the statutory language as though it refers to a geographic location. The better argument is that the legislature intended that the provision should refer to a unit of government, *i.e.*, county, state or federal government. It would have been easy for the legislature to include "the city" in section 5-214(c). However, it did not do so and we cannot write in language where none exists. Accordingly, even with a broad construction of the statute, we cannot provide language which the legislature saw fit to omit. Therefore, Taiym's arguments fail and the Retirement Board was not clearly erroneous in finding that Taiym did not qualify for pension credit under section 5-214(c) of the Pension Code.

¶ 16 We note that the parties present arguments regarding whether the Retirement Board correctly held that Taiym was not a temporary police officer pursuant to section 5-214(b) of the Pension Code. However, those arguments do not affect our holding and need not be addressed.

¶ 17 For the foregoing reasons, we affirm the judgment of the circuit court of Cook County which affirmed the decision of the Retirement Board.

¶ 18 Affirmed.

¶ 19 JUSTICE DELORT, specially concurring.

¶ 20 I join the panel's opinion in full, but write separately to note why we reach a different result in this case than we did in *Howe v. Retirement Board of the Firemen's Annuity & Benefit Fund*, 2013 IL App (1st) 122446. In *Howe*, the Chicago firefighters' pension board denied a disability pension after entertaining only a single motion, which was a motion to

grant the pension. The motion to grant the pension failed, as it received more "no" votes than "yes" votes. Accordingly, the legal result of the vote was that the status quo remained in place and the application remained pending because the board had taken no action by majority affirmative vote. Nonetheless, the board in *Howe* issued a written administrative decision denying the pension, complete with signatures of board members and reasoning, a month later. We asked the board whether it had actually met again to review and adopt the written administrative decision by open vote, and were told that it had not. It appeared that rather than adopting the written decision in an open meeting, it circulated a draft for signature by the board members who had voted against the motion to grant the pension award. We remanded the case to the board for it to issue a valid administrative decision, holding: (1) the board never adopted a motion disposing of the application by a majority affirmative vote; and (2) the board violated the Open Meetings Act (5 ILCS 120/1 *et seq.* (West 2010)) by circulating the draft decision for signature rather than reviewing it and adopting it by majority vote. See also *Lawrence v. Williams*, 2013 IL App (1st) 130757 (invalidating electoral board administrative decision adopted by circulating it for signatures without taking an open vote).

¶ 21    Here, the police pension board entertained a motion to deny the creditable service time to Taiym. The board adopted that motion by a unanimous vote. We held in *Howe* that the board cannot dispose of a pension application except by an open vote upon a specific written administrative decision. The record here in this case only hints, but does not prove, that the police board followed the same practice we found to be invalid in *Howe*. The board vote was taken on October 26, but the written decision is dated November 23. We have no transcript of the November 23 proceedings, but the decision is signed only by two board officers and a staff member in a certification capacity, rather than a voting capacity. That being the case, and because this board actually adopted a dispositive motion by affirmative majority vote, the record is insufficient to justify vacating the board's decision. Based on *Howe*, however, best practice dictates not only that the board not only take final action on a pension application by voting on a specific written administrative decision, not merely a motion, but that the record include the transcript specifically demonstrating that the board did so.

- 7 -